REDMANN, Judge.
Ernest Paulin appeals from the City Civil Service’s upholding his dismissal from the New Orleans Sanitation Department.
The record supports the commission’s findings, first, that appellant refused to work the “rough” garbage collection route assigned him when he arrived an hour or two late for work, and, second, that the following day, when he was told he could not return to work until he cleared it with the superintendent at City Hall, appellant threatened to “bust someone’s head” if he and his brother Lawrence (also fired but later rehired) were suspended or fired. (Appellant denied the threat but admitted cursing because he felt the supervisor was “aggravated” and was treating him unfairly and in an abusive tone of voice.)
There are some inconsistencies in the evidence. The hearing examiner expressed belief in appellant’s testimony that he did report to City Hall the second day but someone told him the superintendent was not in; the superintendent testified he did not even leave for lunch. (This may be explained by appellant’s earlier handwritten statement that he asked someone in the office whether the director or superintendent wanted to see him and his brother, and was told they did not.)
Another inconsistency is the direct conflict between appellant’s brother and the supervisor regarding the brother’s having telephoned the supervisor the first morning to advise they had awakened late and would arrive late.
One other inconsistency is that argued by appellant’s brother in his testimony:
I been with the city for four years, make no sense for me to call up there and go to the yard and refuse to go on a route. It’s easy for me to call up there sick and get a goose egg. You don’t get paid for the day and you can go the next day and pull a double [two routes of garbage collection], . . . All the time I double. . It don’t make no sense for me to jeopardize my job, you understand, to refuse to go on a route. I have been there too long.
Nevertheless, the conclusion is well supported by the testimony of the supervisor and two other witnesses that appellant did threaten to “bust someone’s head” or “bust some heads,” in response to his supervisory officers’ justifiable initiation of some administrative procedure which appellant feared might result in his suspension or discharge. If we were the department head we might have imposed a penalty other than firing-especially if we thought that appellant was as good a worker, as proud of his good work, as his brother appears to be. *137 But we cannot say that a supervisor must tolerate threats of physical violence and we therefore cannot say that appellant’s firing was without sufficient cause, which is all that is required by La.Const. art. 10 § 8(A); Branighan v. Department of Police, La.App. 4 Cir. 1978, 362 So.2d 1221.
Affirmed.