442 So.2d 566 (1983)
In re Appeal of Audrey C. KENNEDY (DHHR, Office of Charity Hospital of Louisiana at New Orleans).
Nos. 83 CA 0120, 83 CA 0121.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Archie C. Tatford, Jr., New Orleans, for appellant.
Philip H. Kennedy, Dept. of Health & Human Resources, New Orleans, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton
*567 Rouge, for Herbert L. Sumrall, Director of the Dept. of State Civil Service.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
This is an appeal from a decision of the State Civil Service Commission which upheld the firing of appellant, Audrey C. Kennedy, from her position as a cardiology technician.
Appellant had obtained permanent status in the classified civil service position of Cardiology Technician III. She worked for the Department of Health and Human Resources at Charity Hospital in New Orleans for a period of twenty-three years.
Based upon an incident which occurred on March 28, 1980, appellant was advised by disciplinary action form dated March 28, 1980, that she was being suspended indefinitely pending termination. By letter dated April 17, 1980, appellant was notified that her dismissal was effective April 25, 1980. An appeal was taken from this action and on August 21, 1980, a motion for summary disposition was filed with the Commission. Finding the termination letter was not received by appellant until after the effective date of the termination due to an incorrect address, the Commission ordered appellant reinstated as of March 28, 1980.
On October 6, 1980, appellant was again notified that she would be suspended effective October 17, 1980, pending termination. This action was based upon the same incident. Appellant appealed this suspension. On November 26, 1980, appellant was notified that her termination would be effective December 4, 1980. On December 24, 1980, appellant appealed her termination. Pursuant to Civil Service Rule 13.23, the appeal of the suspension and the appeal of the termination were consolidated for hearing.
On November 20, 1981, counsel for appellant filed a request for summary disposition. A public hearing was held before the Commission on December 1, 1981, in New Orleans. By letter dated December 8, 1981, the parties were advised that the request for summary disposition was denied except as to the issue of whether the action was taken by the proper appointing authority. This was referred to the merits.
The Commission heard the merits of appellant's appeal on April 6, 1982. On October 15, 1982, the Commission rendered an opinion upholding the termination of appellant by the appointing authority. The Commission made the following findings of fact:
(1) The disciplinary action which is the subject of these appeals was taken by the proper appointing authority because appointing authority had been delegated to B.J. McClendon by Charles Lazare, who was the statutorily designated appointing authority for Charity Hospital of Louisiana at New Orleans.
(2) Dr. Ann Stevenson ordered an EKG early on March 27, 1980 for a patient who was scheduled for surgery on the morning of March 28, 1980. Without the EKG, the surgery would have to be cancelled. At approximately 4:00 p.m. on March 27, 1980, Dr. Stevenson learned that the EKG had not been made. Dr. Stevenson contacted appellant and requested the EKG be performed immediately and read. This was done by the appellant.
(3) On March 28, 1980, the appellant discovered that the patient for whom she had done the EKG on the 27th, and who was scheduled for surgery that day had not gone to surgery. The surgery had been cancelled for other reasons. Appellant encountered Dr. Stevenson in C 400-A while the latter was making rounds with a new group of medical students. A confrontation ensued, which was embarrassing to Dr. Stevenson and the new group of medical students. Essentially, appellant made a fuss about the fact that she had been prevailed upon to immediately perform an EKG and have it read so that surgery would not be delayed, and in fact, the surgery was delayed anyway.

*568 (4) The actions of the appellant were completely out of order and constituted serious unprofessional conduct if not insubordination.
In her first assignment of error, appellant argues that the Commission erred in not granting her request for summary disposition. Appellant asserts specifically that neither her suspension nor her termination were taken by the proper appointing authority. The record reflects that appellant's suspension was signed by Charles L. Lazare and the termination was signed by B.J. McClendon, both of whom acted in accordance with Civil Service Rule 12.3(a) which allows disciplinary action to be taken by "the appointing authority or (through) his authorized agent." (Emphasis added.)
The record reflects that at the time of the suspension, Charles L. Lazare was the authorized agent of the proper appointing authority, namely George A. Fischer, Secretary of the Louisiana Department of Health and Human Resources. Lazare delegated authority to terminate to B.J. McClendon. Lazare's authorization from Fischer included this sort of delegation of authority. Therefore, appellant's first assignment of error is without merit.[1]
Four of the appellant's assignments of error question the Commission's finding that the evidence supports the appellant's dismissal for "cause."
Initially we note that notwithstanding repeated attempts by counsel for appellee to lay the matter over for the testimony of Dr. George Martinez,[2] appellant's supervisor, the Commission refused. It felt that since he was not an eye witness to the verbal confrontation, he could have nothing substantive to add. The letter of termination, however, expressly stated:
"Previously, you were counselled because of minor infractions. On September 9, 1979, you were suspended without pay for three days because of improper performance of duties. On December 4, 1979, you received a letter acknowledging improvement in your performance but your total lack of improvement on basic knowledge of electrocardiography was not up to expectations. Up until the day of your suspension, indications were that you had failed to improve your knowledge in the field and that your relationship with your subordinates was unchanged from that of December, 1979."
La. Const. art. X, § 8(A) provides that no person who has gained permanent status in the classified state civil service shall be subject to disciplinary action except for cause expressed in writing. Further, it provides than on appeal the burden of proof is on the authority to fully support that the dismissal was for "cause." Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir. *569 (1981). Legal cause for disciplinary action exists when the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Dent v. Department of Correction, Louisiana Correctional Institute for Women, 413 So.2d 920 (La.App. 1st Cir. 1982); Newman v. Department of Fire, 413 So.2d 225 (La.App. 4th Cir.1982).
The Commission's findings of fact only show that appellant was terminated because of a verbal confrontation between her and Dr. Ann Stevenson. It found her actions were completely out of order and constituted serious unprofessional conduct if not insubordination.
Dismissal from permanent employment is obviously the most extreme form of disciplinary action that can be taken against a classified state employee. Cause that may justify some other lesser form of disciplinary action may not justify a dismissal. Repeated improper conduct after lesser disciplinary action has been taken, the totality of individual lesser offenses, or even a single particularly aggravated incident have all been found to constitute legal cause for dismissal. Ryder, 400 So.2d at 1126.
The Commission considered only the March 28, 1980, incident. The record reflects that appellant was a permanent employee in classified service with 23 years' experience. Her offense was not proven to relate to her job skills or ability, but she did embarrass a superior by unprofessional conduct. The disciplinary action taken did not justify dismissal without additional evidence of prior misconduct. DHHR should have been permitted to produce evidence that would have substantiated all of the charges made in its letter of termination. Without such evidence, we find that dismissal under these circumstances was too harsh.
Accordingly, we remand this matter to the Commission with instructions to afford appellee an opportunity to take the testimony of Dr. George Martinez and to give appellant an opportunity to rebut any testimony given by Dr. Martinez.
REMANDED WITH INSTRUCTIONS.
CRAIN, J., dissents.
LANIER, J., concurs and assigns reasons.
LANIER, Judge, concurring.
The Louisiana Constitution gives this court the authority to review final decisions of the Commission "on any question of law or fact...". La. Const. of 1974, art. X, § 12(A). The appropriateness of a penalty imposed on a classified employee (excessive or inadequate) is a question of law or fact and is reviewable by this court. Cf. Wollerson v. Department of Agriculture, 436 So.2d 1241 (La.App. 1st Cir.1983). (If it is not law or fact, then what can it be?) The constitution and law do not provide what standard should be used in determining the appropriateness of a penalty approved by the Commission. By analogy, the same standard used in other systems should be used in this system. This court should not modify a penalty approved by the Commission unless it is arbitrary, capricious or manifestly erroneous. La.R.S. 49:964(G) and 965; Newman v. Department of Fire, 425 So.2d 753 (La.1983); City of Kenner v. Pritchett, 432 So.2d 971 (La.App. 5th Cir. 1983). I agree with the main opinion that the record as presently constituted will not support the penalty and that this cause should be remanded for additional evidence.
CRAIN, Judge, dissenting.
I respectfully dissent from the majorities' holding that this case should be remanded because the penalty imposed is "too harsh" based upon the evidence contained in the record. If we determine that there is cause for disciplinary action, I seriously question our legal authority to substitute our judgment for that of the appointing authority and the commission as to the degree of punishment to be imposed. If we are able to review the disciplinary *570 action other than for cause then our standard of review should not be whether we believe the disciplinary action was "too harsh". If a determination is made by the commission that conduct of an employee is detrimental to public service, and that determination is supported by sufficient and competent evidence, we should go no further. Stiles v. Dept. of Public Safety, Drivers License Division, 361 So.2d 267 (La.App. 1st Cir.1978). I believe the majority opinion does so here.
Accordingly, I respectfully dissent.
NOTES
[1] Appellant cited five additional grounds for summary disposition and refers us to his brief filed with the Commission in support of these grounds. We find the Commission correct in that:

(1) There was no violation of Rule 12.2(b) since the record reflects appellant was suspended pending termination and the termination occurred within 90 days of the suspension.
(2) The factual allegations to support termination for cause were specific and unambiguous. It is not relevant whether the specified facts are termed "insubordination" or would be more appropriately labeled "improper patient care," "improper performance of duty" or even "exhibiting unruly behavior."
(3) The facts alleged, if proven, are sufficient to form the basis of the action taken as dealt with in the opinion on the merits.
(4) The matter is not res judicata since the original reinstatement was due to a technical deficiency of an incorrect address as pointed out in the fact summary of this opinion.
(5) Violation of Civil Service Rule 12.2(a), requiring notification of appeal rights with a suspension, merely prevents the running of the 30-day delay for appeal for non-compliance. Spears v. Department of Corrections, 402 So.2d 203 (La.App. 1st Cir.1981). Since appellant's appeal was filed timely, any lack of notification would not be prejudicial. Civil Service Rule 12.3(a)(3) is mainly directory. Non-compliance does not affect the validity of the proceeding. Sanders v. Dept. of Health and Human Resources, 388 So.2d 768 (La. 1980).
[2] Dr. Martinez was out of the State on military assignment, so could not testify on April 6, 1982.