460 So.2d 1066 (1984)
N.G. CARTWRIGHT
v.
DEPARTMENT OF REVENUE AND TAXATION.
No. 83 CA 0098.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Rehearing Denied December 28, 1984.
Writ Denied February 15, 1985.
*1067 James A. Rountree, Hudson, Potts & Bernstein, Monroe, for first appellant.
Howard M. Romaine, Dept. of Revenue and Taxation, Baton Rouge, for second appellant.
Robert R. Boland, Jr., Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director of the Department of State Civil Service.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
This is an appeal from a decision of the Civil Service Commission. N.G. Cartwright, a Revenue Tax Auditor III, was terminated by the Department of Revenue and Taxation. The Civil Service Commission upheld this termination, and Cartwright now appeals.
Cartwright suffered a heart attack in August of 1980. As a result, he was incapacitated until his return to work on October 27, 1980 on a limited basis. Fred Ussery, Cartwright's supervisor, asked his secretary, Nellie Littleton, to talk to Cartwright about taking disability retirement because Ussery felt Cartwright's work was substandard. On Friday, November 7, 1980, Littleton informed Cartwright that Ussery was dissatisfied with his work. Cartwright was offended by this, and late that afternoon, confronted Ussery. At the meeting, Ussery informed Cartwright that he would not approve Cartwright's time sheet for the week of November 3-7, because he did not feel Cartwright had performed any meaningful work. Both men began to argue loudly, and as they were leaving the office, Cartwright removed his coat and tie and challenged Ussery to fight. Littleton intervened in the fracas and calmed the men down.
The following week, while on sick leave status, Cartwright brought a .357 Magnum pistol to the office and showed it to some employees. When Cartwright brought the pistol into the office, it was in a case, and the case was in a sack. He testified he brought the gun to the office to try to sell it. Ussery was later informed by another employee that Cartwright had the gun in the office.
Cartwright testified that he was told in January of 1981 that he must either take disability retirement or be terminated. He submitted an application for disability retirement in January, and then withdrew the application when he filed a civil suit against the Department. Cartwright continued to work at that time.
On the basis of a letter dated April 2, 1981, Cartwright was informed that he was being terminated effective the close of business April 10, 1981. The reasons given for the termination were insubordination and falsification of agency documents involving the weekly report of attendance for the week of November 3, 1980 through November 7, 1980.
A hearing on the termination was held on February 2, 1982 before a referee appointed by the Commission. The referee upheld the termination, and Cartwright appealed to this court. That appeal was remanded *1068 to the Commission on a procedural matter. Cartwright v. Dept. of Revenue and Taxation, 442 So.2d 552 (La.App. 1st Cir.1983). On remand, the Commission concluded that there was no falsification of documents and that Cartwright's action in taking a pistol to the office was not an act of insubordination. However, the Commission did find that Cartwright was the aggressor in the incident of November 7, 1980, when he challenged Ussery to fight. The Commission further found that Ussery did not provoke the incident. Therefore, the Commission found the termination to be justified.
By letter dated October 1, 1982, the Department appealed the decision of the Civil Service Commission dated and filed September 15, 1982. The Department complained the decision was erroneous in the following respects: (1) The Commission did not make a factual finding that Mr. N.G. Cartwright had threatened the life of his superior, Mr. Ussery; (2) That taking a pistol to the office, after having made a threat on Mr. Ussery's life, is not insubordination. For the reasons hereafter set forth, we find no merit to these assignments of error.
The record amply supports the factual findings of the Commission and we accept them as being correct. A reviewing court is not to disturb the factual findings of the trier of fact in the absence of manifest error. Allen v. DHHR, Ruston State School, 426 So.2d 234 (La.App. 1st Cir. 1983). However, because we find that the termination was unduly harsh in this instance, we remand.
Cartwright testified that he had been a state employee for over twenty-one years. He also testified that he had never been formally disciplined for any action as a state employee prior to his termination. The Department offered no proof to contradict any of this testimony.
Obviously, dismissal from permanent employment is the most extreme form of disciplinary action that can be taken against a classified state employee. Thus, cause justifying some lesser form of disciplinary action might not justify a dismissal. Ryder v. Department of Health and Human Resources, 400 So.2d 1123 (La.App. 1st Cir.1981). In light of the length of Cartwright's employment and his service record, we must conclude dismissal was not justified by this isolated incident.
The present case can be distinguished from Paulin v. Department of Sanitation, 388 So.2d 136 (La.App. 4th Cir.1980), which is relied on by the Department. In Paulin, the employee had not been employed for a great length of time, and there was no proof as to the good work record of this particular employee. Because of this, the Court hesitantly upheld dismissal for one aggravated incident. In the present case, Cartwright's record and length of employment mitigate against his termination.
Cartwright also argues that since the Department waited five months after the incident before the disciplinary action was taken, it should be estopped from taking any action. In support of his position, Cartwright cites two cases: Hamlett v. Division of Mental Health, Louisiana Health and Human Resources Administration, 325 So.2d 696 (La.App. 1st Cir. 1976), and Robbins v. New Orleans Public Library, 208 So.2d 25 (La.App. 4th Cir. 1968). In Hamlett, the employee was suspended after an incident. He was later given an unsatisfactory rating based on that incident, and based on that rating was dismissed. The court held that the employer was estopped from waiting approximately 6 months to revive this episode as a ground for further disciplinary measures. However, the court based its holding on the fact the incident had already been used in a disciplinary action. There is no such showing in the present case; Hamlett is not applicable. In Robbins, the employer waited five months after the incident to terminate the employee. The court reversed the dismissal of the employee. The court held there was no proof of conduct prejudicial to the employer. The opinion later stated: "In this case the appointing authority waited too long to act and then its action was poorly presented in all respects." Robbins, *1069 208 So.2d at 31. Cartwright argues that this means that the employer cannot wait five months after an incident to act, but a complete reading of the opinion shows the decision was based on lack of proof for the dismissal, not a theory of estoppel. (Emphasis added). Other factors mitigate against a finding of condonation by the Department of the actions of Cartwright, the most important of which is that Cartwright suffered another heart attack subsequent to the incident and the Department was allowing him time to recover. Therefore, in the present case, the five month delay does not bar the disciplinary action of Cartwright.
Under La.R.S. 42:1451, attorney's fees shall be awarded to the employee if the action by the department is found to be unreasonable. In the present case, while the department did order too severe a disciplinary action, some such action was not unreasonable under these particular circumstances. Therefore, attorney's fees will not be granted.
It is, therefore, ordered that this case be remanded to the Civil Service Commission in order that disciplinary action can be taken consistent with the views of this opinion. See Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984).
REMANDED.

ON DENIAL OF REHEARING
The Commission may in its own discretion consider additional evidence when determining the appropriate penalty to be assessed.