JOHN S. COVINGTON, Judge Pro Tem:
Plaintiff, Betty W. Edwards, appeals the decision of the Louisiana Civil Service Commission (hereinafter referred to as the Commission), upholding her termination from employment at the Louisiana Correctional Institute for Women (hereinafter referred to as LCIW).
On August 8, 1981, plaintiff was employed at LCIW as a Correctional Security Officer II with permanent status working as a Front Gate Control Guard. Just prior to the end of plaintiffs work shift, she was informed that Lieutenant Azalee Eubanks, her shift supervisor, had ordered that plaintiff remain on duty to work overtime. This information was relayed to plaintiff by Dorm Control Officer Mary Jane Corbin. Based upon past experiences, plaintiff asked whether such request was a joke. She was told it was not. When relieved from duty at the end of her shift, plaintiff left LCIW’s enclosed area but remained outside the front gate for a period of time before going home. As a result of this incident, it was recommended that plaintiff be suspended for five days. However, on August 16, 1981, before the suspension became executory, plaintiff was allegedly found to be asleep while on duty. By letter dated September 1, 1981, plaintiff was advised that she was being terminated on September 8,1981, for failing to work overtime on August 8, 1981 and sleeping while on duty on August 16, 1981.
Timely notice of appeal was filed with the Commission, wherein appellant complained of her termination and denied the charges.
On November 8, 1982, a referee appointed by the Commission heard evidence and based thereon, concluded that legal cause existed for plaintiffs termination. Such cause was found to be: (1) the August 8, 1981 incident in which plaintiff failed to remain after her shift to work overtime, and (2) plaintiffs inattentiveness to her duties on August 16, 1981.[1] Thereafter, plaintiff filed an application with the Commission for review of the Referee’s decision. Review having been denied, plaintiff filed a timely appeal to this Court.
Plaintiff asserts the Commission erred in concluding that: (1) plaintiff violated a direct verbal order to remain for overtime duty, and (2) plaintiff was asleep or so inattentive on duty as to warrant her termination.
Article X, Section 8(A) of the Louisiana Constitution of 1974 provides that no person who has gained permanent status in the classified State Civil Service shall be subject to disciplinary action except for legal cause expressed in writing. Legal cause exists when the conduct complained of impairs the efficiency of the public service and bears a real and substantial relationship to the efficient and orderly operation of the public service in which the employee is engaged. In re Appeal of Kennedy, 442 So.2d 566 (La.App. 1st Cir.1983); In re Appeal of Brisset, 436 So.2d 654 (La.App. 1st Cir.), writ denied, 441 So.2d 749 (La.1983); Dent v. Department of Corrections, Louisiana Correctional Institute for Women, 413 So.2d 920 (La.App. 1st Cir.1982). Moreover, the burden of proving that the action taken against the disciplined employee was proper and warranted rests upon the appointing authority. Kennedy, supra. To determine whether legal cause existed, a review of the Commission’s findings of fact (via its alter ego, the Referee), with respect thereto is appropriate. These findings are entitled to great weight and will not be disturbed on appeal absent a showing of manifest error. Brisset, supra; Williams v. Department of *680 Public Safety, Office of State Police, 415 So.2d 543 (La.App. 1st Cir.1982).
The Commission adopted the following findings and conclusions made by the Referee:
“(1) On August 8, 1981, appellant was working the Front Gate Control on the 11:00 p.m. to 7:00 a.m. shift.
“(2) At approximately 6:55 a.m., Lieutenant Azalee Eubanks, Shift Supervisor, instructed Mary Jane Corbin, Dorm Control Officer, to inform appellant that she would have to remain on duty for overtime work. Ms. Corbin called appellant to notify her.
“(3) Because of past experiences, appellant asked. Ms. Corbin if she was joking. Ms. Corbin replied that she was not joking and that Lieutenant Eubanks had ordered the overtime duty.
“(4) Sergeant Geraldine Bobo relieved appellant at 7:00 a.m. Appellant left the institution, through the front gate, a few minutes thereafter.
“(5) On August 15, 1981, appellant was working in Gemini II dorm as Control Officer on the 11:00 p.m. to 7:00 a.m. shift. Officer Marie Hutchinson was working with appellant as Roving Security Guard.
“(6) At approximately 3:30 a.m., Lieutenant Dorothy Bateman and Officer Hutchinson entered Gemini II, crossed the recreation area and observed appellant sitting inside the Control Booth with her head leaning forward.
“(7) Officer Hutchinson left the area because she did not wish to become involved. Lieutenant Bateman brought Officer Hutchinson back to the Control Booth, where appellant was still seated with her head forward.
“(8) Lieutenant Bateman then tapped on the glass of the Control Booth. Appellant raised her head and looked at Lieutenant. Bateman who gestured for appellant to open the Control Booth door. Appellant opened the door.”
We find no error on the part of the Commission with respect to these findings of fact. However, based upon the following logic, we conclude these facts fail to establish a “legal cause” for disciplinary action.
Plaintiff first asserts that the Commission erred in affirming the Referee’s decision that she had violated a direct verbal order to remain for overtime duty. Disciplinary Rule 7 of the Louisiana Department of Corrections states that “direct written or verbal orders must be obeyed cooperatively and promptly. In connection therewith, employees may be required on occasion to work overtime and such requests cannot be refused.” In essence, the issue presented to this Court is whether plaintiff received a direct verbal order. However, any such discussion thereof is pretermitted by our finding that the Commission failed to establish that plaintiffs actions impaired the efficiency of the public service and bore a real and substantial relation to the efficient and orderly operation of that service.
The record is devoid of any testimony or evidence that another employee was called in to substitute for plaintiffs failure to work overtime. Further, there is no evidence in the record to suggest that because of plaintiffs actions, that a security or safety situation arose or was likely to arise. While plaintiff’s conduct is not to be condoned and would under appropriate circumstances constitute legal cause for termination, the appointing authority has failed to show that such conduct (i.e., failing to work overtime) impaired the efficiency of the public service. Accordingly, such incident is not “legal cause” for plaintiff's termination.
Plaintiff secondly asserts that the Commission erred in accepting the Referee’s determination that her inattentiveness was cause for termination. In Dent, supra, this Court found that plaintiff’s conduct (i.e., seated on a stool with her head on her arms and eyes closed) to be sufficient evidence that plaintiff was asleep on duty. In dicta, the court found such action, even if *681 plaintiff was not asleep, to constitute inattentiveness to her employment such that it would constitute legal cause for termination.
In the matter sub judice, the evidence adduced and Commission’s conclusions therefrom fail to establish that plaintiff was asleep. However, the Commission citing Dent, supra, did find that such conduct was inattentiveness and legal cause for dismissal. We find that while inattentiveness may well be “legal cause” for termination, thus compromising the integrity of institutional security, in this instance, the appointing authority has failed to carry its burden of proof. Plaintiff testified that at the time in question she was working a crossword puzzle. Officer Hutchinson testified that plaintiffs head was bent over looking at the cross-word puzzle book with a pencil in her hand. Plaintiff’s testimony, corroborated by Officer Hutchinson, clearly proves that permission was given the officers to read and/or work crossword puzzles, or even crochet, while employed at their assigned duties of Front Gate Control Guard. This testimony was uncontradicted by LCIW. Moreover, the record reflects that no security or safety incidents arose out of plaintiff’s alleged inattentiveness. LCIW cannot permit its employees to read and/or engage in other activities while on duty and then seek to terminate their employment for taking advantage of such permission. The appointing authority has failed to prove that plaintiff’s actions in working the crossword puzzle impaired the efficiency of the public service. Accordingly, we find that the Commission erred in concluding that plaintiff’s actions were “legal cause” for termination.
For the above and foregoing reasons, judgment of the Louisiana Service Commission is hereby reversed and appellant is ordered reinstated together with all accrued emoluments of her former position. Appellee is to pay costs in the amount of $50.00.
REVERSED AND RENDERED.

. The Referee found the testimony presented inconclusive to establish that plaintiff was asleep while on duty.