CRAIN, Judge.
This is an appeal from a decision by the State Civil Service Commission upholding appellant’s dismissal from his permanent classified civil service position.
FACTS
Mr. Taylor was employed at Charity Hospital in New Orleans (CHNO) for twenty-two years (October 8, 1959 — October 9, 1981). He was first employed at CHNO in the housekeeping department. From there he transferred to the labor department and later to the paint department where he was employed as a painter for approximately eight years prior to his termination. In his twenty-two years of employment at CHNO Taylor never received an unsatisfactory civil service rating. Taylor’s last rating of April, 1981, was satisfactory. He never received any disciplinary action throughout his twenty-two years of employment until May 12, 1981, when he was given a written reprimand for failure to use drop cloths while painting and for taking too long to complete two job assignments. The second disciplinary action against Taylor was in June, 1981, when he was given a five day suspension for improper performance of duties which included fraternizing with a female patient, taking too long to complete assigned work, uneven application of paint and not storing his assigned tools in his tool box. On October 9, 1981, Taylor received written notice of his termination. The reasons given for his termination were: unauthorized absence from his duly station, failure to follow direct orders and improper performance of duty.
Taylor filed a notice of appeal to the Civil Service Commission on October 23, 1981. On February 1,1982, he filed a Request for Summary Disposition of the appeal which was referred to the merits of the hearing. A public hearing before a referee was held on October 6 and 7, 1982. After considering the tape recordings of the proceedings, the record and the exhibits the Commission denied Taylor’s request for summary dismissal and upheld his termination. Taylor appeals the Commission’s decision alleging eight assignments of error.
SUMMARY DISPOSITION OF APPEAL
In the first assignment of error Taylor alleges lack of proof that the dismissal was made by the appointing authority.
Civil Service Rule 131.9(t) provides: “Authentic acts delegating appointing authority or certified copies thereof may be offered into evidence without further proof and shall be accepted as prima facie proof of. the recitals contained therein.” An authentic act signed by George A. Fischer, Secretary, Department of Health and Human Resources, designating Charles L. La-zare as Acting Assistant Secretary of CHNO was introduced at the hearings. The written notice of dismissal was signed by Lazare. Civil Service Rule 12.3(a) provides that an authorized agent of the appointing authority may act for the appointing authority in dismissals of permanent employees. Moreover, this issue has already been decided by this court in In re Appeal of Kennedy, 442 So.2d 566 (La.App. 1st Cir.1983). This assignment is without merit.
Taylor further argues that the motion for summary dismissal should have been granted because the written notice of dismissal on its face does not state a valid cause for termination. Upon review of the written notice of termination, the facts alleged, if proved, would establish legal cause for disciplinary action. In re Appeal of Kennedy, 442 So.2d at 568, n.1(3). This assignment of error is without merit.
COMMISSION’S FINDINGS OF FACT AND CONCLUSIONS OF LAW
In the second through seventh assignments of error Taylor alleges that the Commission erred in upholding the termination.
*754 The Commission apparently concluded that the appointing authority failed to prove that Taylor’s alleged unauthorized absences from his duty post and his failure to follow direct orders constituted legal cause for disciplinary action. In its conclusions of law the Commission stated:
The Commission finds that the appointing authority has by appellant’s own admission, sustained the burden of proving that appellant improperly performed some of the duties of his position. Appellant admitted that he inadvertently painted some areas that were not to receive paint. Appellant’s excuse for doing so was that the ceiling he was assigned to paint was acoustic tile. Although the appointing authority did not clearly establish that this could not be and was not the real reason for appellant’s having painted items that were to receive no paint, the Commission finds, nevertheless, that appellant is an experienced painter of numerous years. For these reasons, the Commission finds the excuse of the ceiling and wall being of acoustic tile to be without merit.
The appointing authority did establish that appellant had failed to use a drop cloth on at least one occasion. Isolated incidents of dereliction of duty may not be enough to support a termination. In this case, however, appellant is charged with and the appointing authority has established that on several occasions appellant did not satisfactorily perform the duties of his position. Such dereliction in duty does effect the operation of the public service and bears substantially on the service rendered by the agency.
The Commission obviously based its decision on Taylor’s job performance while painting the admitting room of CHNO from August 5-19, 1981, and on his two prior disciplinary actions. Taylor was accused of inadvertently getting paint on an air conditioning vent, a smoke alarm, and window and door casings while painting the ceiling and walls.
Taylor testified that the ceiling was a “drop ceiling” of acoustical tiles which was difficult to paint because the tiles were unsecured to the ceiling and tended to move when he applied the paint. One of the walls was composed of tile also. Taylor stated that the tiled surfaces took longer to paint because the tile absorbed the paint unevenly and required more coats of paint to achieve an even finish than may be required for a regular plastered wall. The admitting room is one of the most heavily trafficked areas of the hospital and was in use by the staff and patients during the entire period that Taylor was painting.
Mr. Duet, Taylor’s supervisor testified on cross-examination regarding the incident:
A. He was also putting paint on objects that were not to receive paint.
Q. Such as?
A. Such as light fixtures, air condition grills, I can’t remember what else was in there.
Q. So he was actually painting these things?
A. He was not, if you mean per se, completely painting those things, he was putting paint on them when they were not supposed to be — to receive paint. He was not trimming around these objections [sic] like he is supposed to.
A. And so he wasn’t actually painting the entire vent?
A. No.
Q. But he was getting some paint on the vent?
A. Right.
Q. And that’s a serious error, is that correct?
A. Yes.
Q. Have you ever gotten paint on a vent when you were painting, Mr. Duet? Have you ever been painting a wall with a frame and happened to just touch the frame with the brush?
A. Yes.
Q. That’s kind of — this can happen, right?
A. Well, yes, that can happen.
Q. What do you do when it happens?
*755 A. What you do is clean it up.
Q. Now was Mr. Taylor finished this job when you—
A. He was completed that area, yes, where the paint—
Q. Was he finished the job?
A. No, he was not complete with the whole job, but the paint was dry on the fixtures.
Q. And it is your testimony that you would never allow that to happen, have paint dry on any particular thing that—
A. Well, I would try not to.
Q. But it happens occasionally, right?
A. It happened then.
Q. And it’s happened to you.
A. No sir.
Q. Occasionally.
A. Not let it dry on there.
Q. Never in your twenty some odd years of painting, have you ever let paint dry on anything?
A. Yes, I have.
Q. Sure, it’s possible. We’re human, right?
A. Right.
Taylor’s activities at other times were obviously of special interest to Mr. Duet and an assistant supervisor because Duet was even kept informed as to how often Taylor used the bathroom during working hours.
La. Const. art. X, § 12(A) provides that decisions of the Commission are subject to review on questions of law and fact. Findings of fact made by the Commission should not be disturbed unless manifestly erroneous. Cartwright v. Department of Revenue and Taxation, 460 So.2d 1066 (La.App. 1st Cir.1984), writ denied, 463 So.2d 1320 (La.1985). The record supports the factual findings of the Commission. Accordingly we hold that the findings of the Commission regarding the painting of the admitting room may be used as a basis (legal cause) for disciplinary action.
PENALTY
The Louisiana Supreme Court has stated: “A reviewing court should not reverse a commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious or an abuse of the commission’s discretion.” Walters v. Department of Police of New Orleans, 454 So.2d 106, 113 (La.1984). The punishment imposed should be commensurate with the dereliction. Walters, 454 So.2d at 113. “Obviously, dismissal from permanent employment is the most extreme form of disciplinary action that can be taken against a classified state employee. Thus, cause justifying some lesser form of disciplinary action might not justify a dismissal.” Cartwright, 460 So.2d at 1068.
Taylor had an excellent history of employment at CHNO for twenty-one and one-half years (from October, 1959 until he received a letter of reprimand in May, 1981). Mr. Billy F. Richards, Employee Services Manager at CHNO, testified that part of his duties is to counsel the managers and department heads of CHNO in reference to appropriate procedures and types of disciplinary actions which can be taken against employees in keeping with the Civil Service Rules. He also confers with DHHR legal counsel on Civil Service hearings involving CHNO civil service employees. Richards wrote an interoffice memo to the Director of Personnel dated November 2, 1981. The memo indicated that in Richards’ opinion termination was too harsh a penalty for the alleged infractions. The Personnel Director answered the memo stating that he had previously overlooked Taylor’s twenty-two years employment and agreed that a lesser penalty should be imposed. Apparently, Taylor’s supervisor, Duet, was adamant about dismissing Taylor and proceeded to do so.
In light of his twenty-two years of employment at CHNO and of his never having received an unsatisfactory Civil Service rating we hold that the penalty (dismissal) is harsh, arbitrary and an abuse of discretion. The penalty is not commensurate with the *756 proved infraction of inadvertently applying touches of paint to smoke alarms, light fixtures and window sills and of not using a drop cloth on at least one occasion, especially since Taylor was removed from the assigned job before he had the opportunity to remove the paint from these items. Accordingly, we affirm the decision of the Civil Service Commission that there is cause for disciplinary action. We reverse the penalty and remand to the Civil Service Commission for assessment of a lesser penalty which is consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.