720 So.2d 754 (1998)
Michael MACELLI
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 98-CA-1441.
Court of Appeal of Louisiana, Fourth Circuit.
October 21, 1998.
Frank G. DeSalvo, Frank G. DeSalvo P.L.C., New Orleans, for Plaintiff.
*755 Wade Kee, Assistant City Attorney, Franz L. Ziblich, Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, for Defendant.
Before PLOTKIN, JONES and WALTZER, JJ.
JONES, Judge.
Appellant, Michael Macelli, appeals a Civil Service Commission decision upholding his 100 day suspension from the New Orleans Police Department (NOPD). We affirm.
The NOPD charged Officer Macelli with violation of departmental rules and/or procedures regarding truthfulness. The Commission denied his appeal, finding that:
During an investigation by the Police Department of alleged payroll fraud by two officers, Appellant's name was given as a witness. As part of the investigation Lt. Robert Italiano took a statement from Appellant in which Appellant said that he observed the two suspected officers work private details after notifying the Department that they were on furlough. According to Appellant, after the suspects worked the detail they changed the trip records in the computer to reflect that they were working on city time while they were actually on a detail, thus getting paid twice for the same time.
Had this allegation been true there would have been payroll fraud. However, during the investigation a review of computer procedures showed that the type of computer payroll fraud which Appellant claimed he witnessed was impossible. The reason for this was that the computer indicates if changes to the original entries have been made. Thus had the suspects tried to alter computer records to change furlough time to city time this would have appeared on the computer.
After Appellant was confronted with the aforesaid information about the computer, he changed his story and in a second written statement claimed that `there was a misunderstanding.'
Appellant maintains in this appeal that his error should be overlooked because he (and several other witnesses) were acting in good faith as whistle blowers. Though we think that a whistle blower should not be punished just because reported information is not completely accurate, this case involves proof that Appellant was intentionally untruthful in providing false information during an investigation of suspected criminal activity by two of his fellow officers.
On appeal to this Court, appellant argues that his 100 day suspension is excessive.
Sgt. Robert Nelson testified before the Commission stating that he was assigned to investigate payroll and tax fraud within the police department and that he received Macelli's name as a possible witness. Sgt. Nelson took a statement from Macelli in which Macelli said he knew of improper use of motor scooters but denied knowledge of any payroll fraud. Sgt. Nelson told the Commission that his investigation failed to yield any evidence of payroll fraud.
Lt. Robert Italiano testified that he too was involved in the investigation of payroll fraud within the NOPD. Pursuant to that investigation, he took a written statement from Officer Macelli on August 16, 1995, subsequent to the statement taken by Sgt. Nelson. In his statement to Lt. Italiano, Officer Macelli said that he witnessed two superior officers falsifying computer payroll records. Officer Macelli claimed that the superior officers made entries indicating that they were on duty when in fact they were actually working a private detail, the result being that the superior officers would be paid by the city for an eight hour shift they had not worked. Additionally, Officer Macelli claimed his superior officers were adjusting payroll records to claim hazardous duty pay for patrolling on motor scooters even though the officers actually were riding patrols in departmental cars. Lt. Italiano reviewed the payroll records of the two superior officers and found no irregularities. In fact, Lt. Italiano explained that it is impossible for the superior officers to make the changes as alleged by Officer Macelli and escape detection. Lt. Italiano explained that all changes, corrections or modifications of payroll information is retained in the computer system because the computer program does not *756 purge the system of prior entries when a subsequent entry is made. Therefore, even if the superior officers attempted to falsify payroll amounts and time records, their efforts would be detected upon inspection of the computer records. Lt. Italiano denied that Appellant was confused or misunderstood any questions while giving his statement.
Next, Lt. Warren Pope testified on behalf of the appointing authority. Lt. Pope corroborated Lt. Italiano's testimony concerning the inception of the payroll fraud investigation. Lt. Pope explained that Lt. Italiano assigned him the task of investigating the discrepancies in Officer Macelli's statements. To that end, Lt. Pope compared the statements and reviewed the computer records with Officer Macelli. Lt. Pope stated that when he showed Officer Macelli how the computer records belied his allegations, Officer Macelli "....backed off of the allegations". Officer Macelli told Lt. Pope that there was "misunderstanding" in his statement to Lt. Italiano.
Officer Macelli testified telling the Commission that although he observed his superior officers making changes to the computer records, he could not prove that the changes were fraudulent. He acknowledged that there are numerous legitimate reasons for modifying payroll records, including sickness and injury. Officer Macelli steadfastly maintained that his superior officers made the changes to conceal the fact they worked private details on city time. However, he admitted that it is permissible to clock off and take furlough time in order to work a paid detail.
The final witness before the Commission was Bureau Chief Ronald Serpas who testified that he conducted the disciplinary hearing against Officer Macelli. He stated that Officer Macelli was given an opportunity to answer the charges of untruthfulness. Chief Serpas said that when Officer Macelli was confronted with the computer records disproving his allegations against his superior officers, Officer Macelli attempted to ameliorate his original statement saying that there was "misunderstanding" in the statements. Chief Serpas recommended the 100 day suspension because he felt Officer Macelli had no reasonable explanation for making the initial allegations and that Officer Macelli exhibited a malicious intent to misrepresent the truth. Serpas explained that truthfulness is one fundamental aspect of an effective police force.
The Commission also received evidence of past disciplinary actions against Officer Macelli; 22 day suspension for Instructions from Authoritative Source, Professionalism, Truthfulness; 20 day suspension for Instructions from Authoritative Source, Neglect of Duty and Truthfulness; and 30 day suspension for Neglect of Duty.
Employees with permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const. art. X, § 8(A). "Cause" for dismissal of such a person includes conduct prejudicial to the public service involved or detrimental to its efficient operation. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984). Stated differently, disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641. First, as in other civil matters, deference will be given to the factual conclusions of the Commission. Id. at p. 647. Hence, in deciding whether to affirm the Commission's factual findings, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Walters, 454 So.2d at 114.
Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. Walters, 454 So.2d at 114. See also La.R.S. 49:964. "Arbitrary or capricious" means the *757 absence of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961 (La.1991).
The appointing authority in the present case demonstrated by a preponderance of the evidence that the conduct of Officer Macelli did in fact impair the efficient and orderly operation of the police department. Sgt. Nelson, Lt. Italiano and Lt. Pope documented the discrepancies in the statements Officer Macelli gave to each of them. Those officers also noted Officer Macelli's attempt to obfuscate the truth by claiming misunderstanding or confusion in the statements.
Officer Macelli's actions in failing to tell the truth impaired the orderly operation of the police department and constituted legal cause for the disciplinary action. His untruthfulness in this instance, coupled with his past infractions, supports the 100 day suspension.
Accordingly, for the foregoing reasons, the ruling of the Civil Service Commission upholding the disciplinary action taken against Officer Macelli by the police department is affirmed.
AFFIRMED.