11 JONES, Judge.
The Appointing Authority, the New Orleans Police Department (“NOPD”), appeals the decision of the Civil Service Commission (“Commission”) to reinstate the complainant to his former position with the NOPD. The Commission also reimbursed the plaintiff for all lost back pay and other benefits. After reviewing the record and the arguments presented by both parties, we amend the judgment -of the Commission and affirm as amended.
Plaintiff, Mr. Arthur Small, was a full-time police officer with the NOPD since 1979. Mr. Small submitted to a random drug test on November 5, 1996, pursuant to the “zero tolerance” policy enacted by the new superintendent of the NOPD.
The results of the drug test revealed the presence of Butapitaul, a prescription painkiller. Mr. Small did not have a current *752 prescription for this drug at the time the drug test was administered. Mr. Small was, therefore, immediately suspended for 125 days pursuant to the City’s policy memorandum number 89[1], |2which prohibits the taking of any narcotic drug without a doctor’s prescription.
In defense of his actions, Mr. Small testified that on November 4, 1996, he was experiencing a severe toothache. Mr. Small testified he asked his daughter to give him his pain medication, Vieodin, which had been prescribed to him by Dr. Yolanda Williams in August, 1995, following a tooth extraction. Mr. Small claimed that, unbeknownst to him, his daughter had mistakenly given him Bu-tapitaul. Mr. Small testified the Butapitaul had been left by his nephew, Everett Darens-bourg, during one of his frequent visits to his home. Mr. Darensbourg had a prescription for Butapitaul for an ongoing problem with migraine headaches.
Mr. Small testified he did not reveal at the testing lab that he had ingested Butapitaul because at the time, he was unaware that his daughter had mistakenly given him Butapi-taul instead of Vieodin. Mr. Small further testified he received a second prescription for Vieodin from Dr. Williams on November 13, 1996, after he had the tooth extracted.
Following a departmental hearing on March 6, 1997, Mr. Small was terminated from the NOPD because his explanation regarding the positive results of the drug test were determined to lack credibility.
Mr. Small appealed his dismissal by the Superintendent of the NOPD, and the case was assigned to a Hearing Examiner by the Commission pursuant to Article X, Section 12 of the Constitution of the State of Louisiana. At the hearing, the parties stipulated that on November 5, 1996, a random drug test had been conducted on Mr. Small, and the test revealed the presence of Butapitaul. ^Drawings from a physician’s desk book showing Vieodin and Butapitaul capsules were produced at the hearing demonstrating a similar appearance. The Commission ruled in favor of Mr. Small, and stated in its reasons for judgment that the NOPD failed to meet its burden of proof by not producing “evidence to indicate that [Mr. Small] intentionally took a narcotic drug without a prescription or that he failed to perform his duties as a police officer.” Prom this action the NOPD appeals.

ASSIGNMENT OF ERROR

The NOPD argues that the Commission committed clear error in reversing the disciplinary termination imposed upon Mr. Small by the Superintendent, and that in so doing, it failed to accord sufficient discretion to the disciplinary actions of the Superintendent.
The NOPD argues that although it is within the Commission’s authority to dismiss or affirm a disciplinary action upon a showing of insufficient cause, the Commission’s decision was not based on such a showing. Rather, the NOPD argues the Commission’s decision to vacate Mr. Small’s termination was based upon the conclusion that the NOPD did not prove Mr. Small intended to take an illegal drug. The NOPD further argues that no provision of its drug testing policy requires a showing of intent to take the drug, and that their burden of proof was met when Mr. Small stipulated to having taken Butapitaul without a prescription.
The NOPD also contends that the Commission’s decision to reinstate Mr. Small drastically undermines the efficient and safe operation of the NOPD, and would, in effect, open the “flood-gates” of frivolous challenges to disciplinary actions taken by the Superintendent. In essence, the NOPD argues that the Superintendent is better suited than the Commission to determine the propriety of the penalty to be imposed.
pMr. Small, in rebuttal, argues that his taking of Butapitaul amounts to nothing more than an “honest mistake,” and lacking *753 any evidence to demonstrate his intent to ingest Butapitaul, the Commission was justified in reversing the disciplinary actions of the Superintendent. We disagree.
“The Civil Service Commission has a duty to decide independently from the facts presented whether the Appointing Authority [i.e., NOPD] has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.” Walters v. Department of Police of New Orleans, 454 So.2d 106, 113 (La.1984); Saacks v. City of New Orleans, 95-2074 (La.App. 4 Cir. 11/27/96), 687 So.2d 432, writ denied, 97-0794 (La.5/9/97), 693 So.2d 769, cert denied, — U.S. -, 118 S.Ct. 298, 139 L.Ed.2d 230 (La.10/14/97). Although a finding of cause may sometimes be predicated upon a showing of intent, such is not the ease here. Both the City’s policy memorandum number 89 and section 940 of the NOPD’s Operations Manual specifically prohibit the taking of any narcotic drug without a prescription, and allow for the immediate suspension of the offending employee. Section 940 provides that “[t]hose employees who [... ] test positive for a non-prescribed drug [...] shall be immediately suspended and subject to possible dismissal.” Section 940 does not require a showing of intent to ingest a drug before finding cause for disciplinary action. It is the act of ingestion that is actionable.
We agree with the NOPD that absent an admission by the offending employee, requiring a showing of intent in each particular instance would create an insurmountable burden of proof for the appointing authority, and would totally undermine enforcement of the drug policy itself. Accordingly, the NOPD’s only burden in the case sub judice was to prove that Mr. Small tested positive for the 15presence of a controlled drug. The burden was met when Mr. Small stipulated before the hearing examiner to having taken Butapitaul.
Having found cause, the Commission must next determine whether the penalty imposed on the employee is proportionate to the offense. Walters, 454 So.2d at 113. It is at this stage of the inquiry that intent plays a pivotal role. Our brethren at the First Circuit addressed a similar issue in In re Kennedy, 442 So.2d 566 (La.App. 1 Cir.1983). In Kennedy, the appellant had obtained permanent status in the classified civil system as a Cardiology Technician III. Appellant was subsequently terminated following a brief verbal confrontation with a doctor at the hospital where appellant was employed. Although the court found just cause for disciplinary action against the appellant, it also determined that a dismissal was too harsh a penalty given the appellant’s 23 years of experience, and the fact that her offense had not been proven to relate to her job skills or ability. Kennedy, 442 So.2d at 569.
In Saacks, the plaintiff, a highly decorated and well-trained officer with the NOPD, was suspended for 119 days and ultimately terminated because of a number of alleged improprieties relating to his involvement in the video gaming industry. Plaintiff, who achieved the rank of Deputy Chief of Police at the time of his suspension, was also charged with securing private detail work for fellow police officers without signed authorization from the Chief of Police. After formal charges were filed, the Federal Bureau of Investigation, the Metropolitan Crime Commission and the Office of Municipal Investigation conducted an extensive and lengthy criminal investigation. This Court opined that Saacks’s dismissal was excessive because the City of New Orleans failed to prove by a preponderance of the evidence that his involvement in the video poker industry and his private security business affected his job performance as a police officer. Thus, this Court 16amended the judgment of the Commission to reduce the penalty of termination of service to involuntary retirement.
As in Kennedy and Saacks, we conclude that terminating Mr. Small for the ingestion of Butapitaul, which was not proven by a preponderance of the evidence to affect his job performance with the NOPD, was excessive notwithstanding the presence of legal cause for disciplinary action.
Termination or dismissal is the most severe form of disciplinary action that can be taken by the Appointing Authority, and should be reserved for the most serious violations. See Saacks, supra; cf. Fernandez v. *754 Department of Police, 474 So.2d 468 (La.App. 4 Cir.1985). Mr. Small was on the police force for 18 years before he was terminated. He possessed an outstanding record with the NOPD, and there was no evidence presented to show any prior disciplinary action against him. His testimony established that he lacked the intent to ingest Butapitaul, and his argument as to the similarity in appearance of Vicodin compared to Butapitaul has been duly noted in the record. However, it was Mr. Small’s conduct in having ingested the drug that provided legal cause for disciplinary action.
Accordingly, we find that it was an abuse of discretion for the Commission to find that there was no legal cause for disciplinary action against Mr. Small once he admitted to having ingested Butapitaul. Therefore, we modify the decision of the Commission and amend the judgment to limit Mr. Small’s suspension to the 125-day suspension.
_JtDECREE
Having found cause, we amend the ruling of the Civil Service Commission and limit the penalty imposed upon Mr. Small to the 125-day suspension. We affirm the remainder of the Commission’s ruling ordering Mr. Small reinstated with all back pay, subject to the 125-day suspension, and order the Appointing Authority to compensate Mr. Small for all benefits thereafter.
AMENDED AND AFFIRMED AS AMENDED. .

. Although policy memorandum number 89 addresses the City's drug policy with respect to City employees, the actual ground for the plaintiffs dismissal was Section 940 of the New Orleans Police Department Operations Manual, which provides:
Those employees who [...] test positive for a non-prescribed drug [...] shall be immediately suspended and subject to possible dismissal.