756 So.2d 1150 (2000)
Darryl DEAN
v.
DEPARTMENT OF POLICE.
No. 99-CA-2454.
Court of Appeal of Louisiana, Fourth Circuit.
March 1, 2000.
Writ Denied May 26, 2000.
*1151 Chris J. Doyle, Frank G. DeSalvo, A P.L.C., New Orleans, Louisiana, Attorney for Darryl Dean.
Joseph V. Dirosa, Jr., Deputy City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Mavis S. Early, City Attorney, New Orleans, Louisiana, Attorneys for the Department of Police.
(Court composed of Judge CHARLES R. JONES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY).
JONES, Judge.
Defendant/appellant, the New Orleans Police Department (NOPD), appeals the judgment of the Civil Service Commission which found the demotion and suspension of Officer Darryl Dean to be improper. After reviewing the record, we reverse the judgment of the Civil Service Commission and reinstate the punishment imposed upon him by the Appointing Authority.

FACTS
Officer Darryl Dean was a first-line supervisor at the Second Police District.[1] The Third Police District is adjacent to the Second District and Airline Highway is the boundary that divides both districts. According to Rule 4, paragraph 6 of the Departmental Rules and/or Procedures for the NOPD, "an officer must remain within the boundaries of their assigned District except when specifically authorized by their supervisor or dispatcher."
On April 24, 1997, Officer Dean left his assigned district and went to the London Lodge Motel located on Airline Highway to make a telephone call. Officer Dean did not notify his supervisor or the dispatcher *1152 prior to leaving the Second District. Subsequent to Officer Dean leaving the Second District, the Second Police District received an anonymous telephone call informing them that one of their officers had been located at the London Lodge Motel. When the officers arrived to investigate the call, Officer Dean was seen leaving the motel. According to the investigation that was conducted shortly thereafter, it was discovered that Officer Dean had been at the motel for at least thirty minutes.
On October 14, 1998, a disciplinary hearing was held before Bureau Chief, Ronald Serpas. Chief Serpas recommended that Officer Dean be demoted to the classified position of Police Officer and be suspended for one hundred twenty (120) days for Neglect of Duty and Leaving Assigned Area. The Superintendent of Police, Richard Pennington, subsequently accepted Chief Serpas' recommendation and ordered Officer Dean to complete his 120-day suspension.[2] Thereafter, Officer Dean filed an appeal of the Appointing Authority's decision of with the Civil Service Commission (Commission).
Before the commencement of the hearing on Officer Dean's appeal, both parties agreed to reduce Officer Dean's suspension time from 120 days to 30 days. Following the hearing, the Commission reversed the decision of the Appointing Authority and found that there was no legitimate basis for imposing such a severe penalty. Further, the Commission found that Officer Dean's violation "was so inconsequential that it did not impair the performance of his duties as a police officer in the slightest." It is from this judgment that the NOPD filed the instant appeal.

DISCUSSION
In its sole assignment of error, the NOPD argues that the Commission erred in reinstating Officer Dean to the status of sergeant and reversing the 30-day suspension. Further, the NOPD argues that Officer Dean's actions were in total disregard of the rules and regulations of the NOPD since this was not the first time Officer Dean had been disciplined for leaving his assigned area.
In rebuttal, Officer Dean argues that other ranking officers in his district did not voice any disapproval of his using a telephone outside of the Second District. In fact, he argues that the telephone call from the London Lodge motel was in furtherance of police business. Furthermore, Officer Dean argues that he was less than one minute from the Second District if there was an emergency at the district that required him to be there. Therefore, he argues that the Commission was correct in holding that his actions did not warrant the punishment imposed. We disagree.
Generally, an appointing authority seeking to discipline a civil service employee carries the burden of demonstrating, by a preponderance of the evidence, that the conduct of the person disciplined "did in fact impair the efficiency and orderly operation of the public service." Burckel v. Department of Fire, 97-0635 (La.App. 4 Cir. 9/17/97), 700 So.2d 553, 556. (Emphasis theirs). However, employees with permanent status in the classified civil service may be disciplined only for cause expressed in writing. LSA-Const. Art. X, § 8(A). Legal cause for disciplinary action exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged, and the appointing authority has the obligation to prove the impairment. Saacks v. City of New Orleans, 95-2074 (La.App. 4 Cir. 11/27/96), 687 So.2d 432, 440, writ denied 97-0794 (La.5/9/97), 693 So.2d 769, cert. denied 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997). Though not all violations are sufficient for disciplinary action, the reviewing court may deem disciplinary action to be arbitrary and capricious unless there is a real and *1153 substantial relationship between the improper conduct and the efficient operation of the public service. Macelli v. New Orleans Police Dept., 98-1441 (La.App. 4 Cir. 10/21/98), 720 So.2d 754, 756, writ denied 98-2906 (La.1/15/99), 736 So.2d 211. (Emphasis ours).

a. Neglect of Duty

Sergeant Bruce Bono, a twenty-four year veteran with the NOPD, testified that he and Officer Dean were sergeants in the Second District when the incident occurred and that he was aware of the rule that officers were not supposed to go outside of their district. However, Sgt. Bono testified that these rules and regulations were designed to monitor the patrolmen not the supervisors. Further, he testified that Rule 6, which is the rule prohibiting officers from leaving their district, is rarely enforced against supervisors since there is a shortage of supervisors in the Second District. Moreover, Sgt. Bono testified that he would not classify the act of an officer making a telephone call while on the borderline of his district as an intentional violation of the rules. Nevertheless, Sgt. Bono did admit that disciplinary measures for this type of conduct should be administered on a case-by-case basis.
Chief Ronald Serpas, the Appointing Authority and the Assistant Superintendent of Police, testified that he recommended that the charges of Neglect of Duty, Leaving Assigned Area, and Failure to Maintain Standards of Service be sustained against Officer Dean. Chief Serpas testified that the purpose requiring officers to remain in their district while on duty was to insure that the needs of the police department and the community as a whole are fulfilled. Therefore, once Officer Dean, a first-line supervisor, left his assigned post, he became inaccessible to the other officers who may have needed his assistance. He further testified that Officer Dean's absence from the Second District severely jeopardized the efficiency of the department considering that he knew that he was the only supervisor on duty during that particular shift.
Finally, Chief Serpas testified that Officer Deans' personnel records revealed that this was not the first instance where he was disciplined for leaving his assigned district while on duty.[3] Having found no mitigating circumstances for Officer Dean's absence, Chief Serpas concluded that the officer's actions were inconsistent with the needs of the department and a purposeful neglect of his duties and responsibilities as a sergeant. The record further indicates that in order for Officer Dean to reach the Second District from the London Lodge Motel, he would have to travel east on Airline Highway until Airline Highway converts into Tulane Avenue. Officer Dean would then have to travel to Carrollton Avenue, Claiborne Avenue and Napoleon Street before reaching the Second District on Magazine Street. In essence, Officer Dean would be at least one mile from the Second Police District if he were located at the London Lodge Motel.
We find that Chief Serpas' testimony established that Officer Dean's actions impaired the efficient operation of the public service by willfully relocating himself outside of his assigned district without prior authorization. Because Officer Dean did not contest the fact that he was outside of his district without authorization, we find that it was manifest error for the Commission to reverse the punishment imposed upon Officer Dean in light of his testimony and his previous disciplinary history.

b. Excessive Punishment

Having found that there was sufficient legal cause to discipline Officer Dean, this Court must determine whether the *1154 penalty imposed upon this officer was proportionate to the offense. In making this determination, we must also ascertain whether the offense affected the employee's job performance. Small v. Department of Police, 98-0292 (La.App. 4 Cir. 10/21/98), 720 So.2d 751.
In Small, the appellant was a 18-year veteran with the NOPD when he was terminated for ingesting Butapitaul without a current prescription. The Civil Service Commission reversed the decision of the Appointing Authority and found that the NOPD failed to articulate for the record that the appellant intentionally took a narcotic drug without a prescription or that he failed to perform his duties as a police officer. On appeal, this Court found that there was no justification for the dismissal since the ingestion of the drug was unintentional and did not impair the appellant's work performance.
Unlike Small, we find that the officer herein, Officer Dean, intentionally and purposefully disregarded his duties as a supervisor in the Second District by leaving his assigned post without authorization. Furthermore, his absence severely jeopardized the normal operation of police business since he was the only supervisor on duty on the date in question. Thus, we find that the imposition of a 30-day suspension along with a demotion from Sergeant to Police Officer IV to be reasonable under the circumstances.[4]

DECREE
For the foregoing reasons, we reverse the judgment of the Civil Service Commission and reinstate the punishment imposed upon Officer Darryl Dean by the Appointing Authority.
REVERSED.
NOTES
[1] Prior to his demotion, Officer Darryl Dean held the rank of sergeant.
[2] Officer Dean's action resulted in an emergency suspension, which began April 25, 1997 until Officer Dean was reassigned to August 18, 1997.
[3] According to the record in his first disciplinary hearing, Officer Dean testified that he left the Second District to go home for medical reasons after informing his superiors. However, the record showed that he did not receive the necessary authorization before leaving his district. Hence, Officer Dean was cited for Untruthfulness and Leaving His Assigned Area, and received a 23-day suspension.
[4] In Macelli, this Court affirmed a 100-day suspension of an officer who was consistently untruthful with the NOPD during an investigation of alleged payroll fraud. The officer also had three prior disciplinary actions taken against himone of which was a 30-day suspension for Neglect of Duty.