BLANCHE, Judge.
Timothy R. Hailey appeals from the trial court judgment upholding his dismissal from the Baton Rouge Police Department.
The appellant was dismissed from the Baton Rouge Police Department on January 23,1976. Timely, through his attorney, appellant requested the Board to review and investigate the action in his dismissal. After a hearing, the Board unanimously decided to uphold the action by the Chief of Police, stating in a resolution that the dismissal was in good faith and for cause.
The appellant appealed on March 31, 1976, to the Nineteenth Judicial District Court which upheld the Board’s decision.
On appeal to this Court, appellant assigns these errors:
“I.
“Pre-trial investigation by the Civil Service Board carried out in prejudicial and biased manner violates the good faith requirements of the Civil Service law and the decision of the Board based partially upon the prejudicial pre-trial evidence violates the good faith requirements of the Civil Service law.
“II.
“Ex parte communication between one of the litigants to a judicial or quasi-judicial hearing with one of the members of the body called upon to make a decision violates due process required of administrative and judicatory bodies and subjects the decision of that body to reversal. Thus, it is error to uphold that body’s decision on appeal.”
The substance of appellant’s argument is that when the Police Department forwarded the Board information concerning the appellant, it sent only evidence unfavorable to the appellant taken from his personnel record and certain letters of commendation were not included. Appellant contends that this was an ex parte communication from the Chief of Police without notice to the appellant and constituted a prejudicial and biased investigation. Appellant cites Camero v. United States, 375 F.2d 777, 179 Ct.Cl. 520 (1967); Brown v. United States, 377 F.Supp. 530 (N.D.Tex.1974); S & E Contractors, Inc. v. United States, 433 F.2d 1373, 193 Ct.Cl. 335 (1970); Jarett v. United States, 451 F.2d 623, 195 Ct.Cl. 320 (1971); and 5 U.S.C.A. §§ 500 and 554, supporting his position that the pre-trial investigation was carried out in a prejudicial and biased manner thereby violating the good faith requirements of civil service law. Appellant asserts in his brief that “ex parte communication between one of the litigants to a judicial or quasi-judicial hearing with one of the members of the body called upon to make a decision violates due process required of administrative and judicatory bodies.”
Though federal cases and statutes are persuasive if applicable, we find these nei *788 ther persuasive nor applicable to the case at bar.
The record indicates that the letters of commendation which were not simultaneously submitted to the Board with unfavorable information were the result of letters written to the Police Department by private citizens complimenting appellant, along with other officers, for having served as a pallbearer; assisting with a sick person; and killing a snake. We are unable to believe that the omission of these letters would constitute sufficient prejudice to the appellant so as to deny him due process of law or to result in a board decision which was not made in good faith for cause. Furthermore, we note from the minutes of the Board’s hearing that the appellant was represented at the hearing by counsel and that these letters were finally included among the exhibits for the appellant.
LSA-R.S. 33:2477 pertinently provides:
“The Board shall:
“(5) Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.”
In receiving the information from the Police Department the Board members complied with the investigatory duty of the statute, and this investigatory duty was met throughout the hearing at which time the letters of commendation were available as well as the advocacy of counsel for appellant. Thus, we find no prejudice.
We reject appellant’s contention that there was “ex parte communication between one of the litigants to a judicial or quasi-judicial hearing with one of the members of the body called upon to make a decision.” Instead, we find compliance on the part of the Police Department with the normal hearing procedures for the Board when the Police Department is involved. There is no evidence in the record to show that the Chief of Police took any undue initiative or extraordinary means to furnish the Board members with information upon which he based his decision to dismiss appellant.
LSA-R.S. 33:2478 gives each municipal, fire and police board the authority to execute rules, regulations and orders necessary or desirable to effectively carry out the provisions of the municipal fire and police civil service law. This would implicitly include investigations and hearings. No suggestion is made by the appellant that any of the Board’s specific rules had been violated, and since the appellant was present through counsel, we assume any violations would have been brought to the attention of this Court.
Since we find no prejudice to the appellant in the investigation by the Board, nor any improper ex parte communication between the Chief of Police and the members of the Board, we agree with the decision of the court below.
The judgment of the trial court is affirmed, and appellant is to pay all costs of these proceedings.
AFFIRMED.