KING, Judge.
This appeal presents the issue of the correctness of the judgments of the trial court and a Municipal Fire and Police Civil Service Board, both of which affirmed the decision of a City to suspend and demote in rank one of its police officers.
On November 9, 1986, Alexandria City Policeman, Joseph T. Faught (hereinafter plaintiff), while off duty, went to the City Jail, and struck a prisoner, Woodrow Tram-mell (hereinafter Trammell), who had stolen a ring from his home. As a result of this action, the City of Alexandria, Louisiana (hereinafter defendant) suspended plaintiff for fifteen days and demoted him in rank. Plaintiff appealed the action of the defendant to the Alexandria Municipal Fire and Police Civil Service Board (hereinafter the Board). The Board affirmed the action of the defendant. Plaintiff appealed the decision of the Board to the Ninth Judicial District Court which affirmed the decision of the Board. A formal written judgment was signed. Defendant timely appealed the judgment of the trial court. We affirm.
FACTS
A ring which .had belonged to plaintiffs deceased father, was stolen from a residence plaintiff was sharing with a roommate while plaintiff and his roommate were out of town. Upon returning, plaintiff noticed that the ring was missing. He learned from Gail Rylee, the sister of his roommate who stayed in the house during their absence, that Trammell had been in the house. After discussing Trammell’s background with his roommate, plaintiff telephoned the police station to see if there were any outstanding arrest warrants for Trammell. Plaintiff was told that Tram-mell was then incarcerated in the Alexandria City Jail because he had been arrested on a DWI. He was also told that Trammell was wearing jewelry when arrested.
Plaintiff, while off duty and wearing civilian clothes, went to the jail and had Trammell brought to him from his cell. Plaintiff recognized his father’s ring on Trammell’s hand and Trammell admitted at the hearing before the Board that he had the ring. Trammell, upon plaintiff’s identifying and requesting the ring, removed it from his hand and gave it to plaintiff. At this time, plaintiff claims he saw a vision of his father, and he hit Trammell approximately five times, knocking him to the floor.
This incident occurred on November 9, 1986. The next day, plaintiff reported to the Alexandria Police Department what had happened. Plaintiff, at that time, was then off work due to an injury sustained to his hand as a result of his striking Tram-mell. By letter dated December 5, 1986, plaintiff was informed by the defendant that he was suspended without pay for a period of 15 days, effective December 8, 1986 through December 22, 1986. The letter also informed plaintiff that he was demoted from Corporal to Police Officer First Class.
Plaintiff appealed this disciplinary action to the Board, which partially heard the matter on January 28, 1987 and then continued the hearing. The hearing was completed and the action of the defendant was affirmed on March 18, 1987. Plaintiff then appealed the decision of the Board to the District Court where the matter was again considered. By judgment signed October 21, 1988, the trial court affirmed the action of the Board. Defendant timely appealed the trial court judgment.
Plaintiff complains on appeal that the trial court erred in failing to find that he was not accorded due process, including a pre-suspension hearing; that the Board act *673 ed improperly when it considered statements at the hearing, not offered or introduced into evidence by either party, and in calling witnesses; that the penalty of both demotion and suspension is illegal under La.R.S. 33:2500; and that there were certain extenuating circumstances which provide a basis for mitigating punishment which were not considered.
PRE-DISCIPLINARY NOTICE AND HEARING
Plaintiff contends that he was denied due process of law because he was not given a pre-deprivation hearing before defendant’s action of suspending and demoting him in accordance with the mandate of the United States Supreme Court in Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). We note that one who has obtained a classified civil service status holds a property right within the meaning of Article I, § 2 of the 1974 Louisiana Constitution, a prerequisite to any due process challenge. Bell v. Dept. of Health and Human Resources, 483 So.2d 945 (La.1986).
The United States Supreme Court, in Loudermill, held that where a classified civil servant is terminated, due process requires a “pretermination opportunity to respond, coupled with post-termination administrative procedures.” Loudermill, supra, 105 S.Ct. at page 1496. The Court reasoned that termination of employment deprives a person of a significant property right, and therefore, some type of hearing is required prior to the discharge. The Court reached this conclusion by balancing competing interests. The Court stated:
“The need for some form of pretermin-ation hearing, recognized in these cases, is evident from a balancing of the competing interests at stake. These are the private interests in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination. See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).” Cleveland Bd. of Educ. v. Loudermill, 105 S.Ct. 1487, at page 1493 (1985).
Plaintiff also relies on the case of Bell v. Dept. of Health and Human Resources, supra. In that case, plaintiff had been reassigned by the Director of Civil Service to another job classification and argued that he was entitled to a hearing before such job “reallocation.” The Louisiana Supreme Court, after concluding that La. Const.1974, Art. X, § 8(A)[1] did not apply to a “reallocation” job decision but only a “disciplinary” job decision, noted that “[t]he question becomes what process is due.” Bell, supra, at page 950. The Bell court then concluded that where there had been a “reallocation” job decision, due process was provided by a procedure which provides “... for a review of the Director’s actions by a neutral decisionmaker upon allegations of discrimination and/or a Rules violation. It is at this point that the neutral decision maker can assure that an employee’s substantive due process rights have not been deprived without just cause.” Bell, supra, at page 951. “In essence, civil service employees are now only granted the right to pre-deprivation notice in writing and a hearing in disciplinary actions.” Bell, supra, at page 948.
Both Bell and Loudermill, however, are distinguishable on their facts from the case now presented to this court. It must be recognized, as stated by the Louisiana Supreme Court in Bell, that:
“ ‘ “[d]ue process” unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.’ Mathews v. Eldrige, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). It is a flexible standard and calls for such procedural protections as the particular situations demands. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). It is partic *674 ularly flexible in the area of administrative law. See Smith v. Division of Admin., 415 So.2d 381 (La.App. 1st Cir.1982); Hamilton v. La. Health & Human Resources Admin., 341 So.2d 1190 (La.App. 1st Cir.1976), writ refused 344 So.2d 4 (La.1977).” Bell v. Dept. of Health & Human Resources, 483 So.2d 945, at page 950 (La.1986).
Plaintiff, himself, reported his actions to the defendant, his employer. The defendant conducted an investigation. The facts of plaintiffs action were never in dispute. We note that plaintiff stipulated at the hearing before the Board to the correctness of the facts as set out by the defendant in its letter giving him written notice of his suspension and demotion.
This case is not one of termination, as in Loudermill, where a civil servant was deprived of his livelihood without a pre-termi-nation opportunity to present his version of what allegedly happened. Plaintiff did not complain at the hearing before the Board of the correctness of his fifteen day suspension without pay, but is only complaining of his demotion. The property interest in retaining the same rate of pay and privileges, though substantial, is not as significant a property interest as loss of a job which was present in Loudermill.
We find that defendant’s written notice to plaintiff setting forth the causes of its action and offering plaintiff an opportunity to be heard on appeal satisfies due process requirements of the Federal and State Constitutions. See, Cleveland Bd. of Educ. v. Loudermill, supra; Ewing v. Mytinger & Casselberry, Inc., 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); Bell v. Dept. of Health and Human Resources, supra; Firefighters Local 632 v. Civ. Service Com’n, 495 So.2d 958 (La.App. 4 Cir.1986), writ den., 499 So.2d 84 (La.1987). In plaintiffs case, an appeal hearing, in addition to a pre-suspension and pre-demotion written notice setting forth the reasons for the disciplinary action, affords plaintiff due process. A reasonable basis for the defendant’s disciplinary action existed, and the disciplinary action of suspension and demotion was not so severe as to deprive plaintiff of a property right significant enough to require a pre-suspension or pre-demotion hearing under the circumstances of this case. Cf. Bell, supra. We note that plaintiff also injured his hand when he hit Tram-mell and was off work due to this injury for 28 days previous to his suspension and demotion. This, to use the words of the defendant in its letter to plaintiff, “resulted in a loss of man hours and monetary cost factor to the City of Alexandria.” After weighing the competing interests in this case, we find that under the circumstances of this case, plaintiff was afforded due process by a written pre-suspension and pre-demotion notice setting forth the reasons for the disciplinary action and offering him the opportunity for an appeal of the disciplinary action to the Civil Service Board of the City. La. Const. Art. X, § 8(A).
THE BOARD’S ACTION AT THE HEARING
At the hearing on January 28, 1987, the defendant did not call any witnesses, but the defendant’s letter to plaintiff and the facts in the letter which were stipulated to by the parties were entered into evidence. Plaintiff was then called to testify on his own behalf, and a psychological report was introduced into evidence. After this, the Board requested that the defendant submit its investigative files of the matter for the Board’s review. Plaintiff objected on the grounds that the file contained statements by other officers, Gail Rylee, and Tram-mell, all of whom he would have no opportunity of cross-examining if the Board reviewed and considered the statements. After the Board had been given the defendant’s investigative file containing the statements of various witnesses, the hearing was continued.
On March 18, 1987, when the hearing was resumed, the Board itself called all of the officers, Gail Rylee, and Trammell, who were all of the parties who had given statements in the defendant’s investigation, to the stand and asked each to identify his or her written statement which the Board had reviewed. Each did so, and counsel for *675 plaintiff then was given the opportunity to cross-examine each witness. The statements of the witnesses themselves were never formally offered into evidence. Counsel for plaintiff objected to the Board calling these witnesses because the Board was sitting as a hearing tribunal, rather than an investigatory body. Plaintiff contends that the Board violated his due process rights when it, ex parte, ordered the defendant to produce its investigative file in connection with the case for its review and when the Board itself called witnesses to the stand at the hearing.
There is no doubt that the defendant had the burden of proving the facts at the hearing. La. Const. Art. X, § 8(A). However, the Board has both an investigatory duty as well as a hearing duty as part of its function when there is a complaint involving disciplinary action. See La.R.S. 33:2477(5); La.R.S. 33:2501(A); La.R.S. 33:2501(B)(1), (3); La.R.S. 33:2501(C)(1). See also, Hailey v. Baton Rouge Municipal Fire, Etc., 351 So.2d 786 (La.App. 1 Cir.1977). The Board action in obtaining investigative files and summoning witnesses was proper under these relevant statutes. See La.R.S. 33:2502. Even if the Board action was improper, plaintiffs right to due process was not violated. The hearing was an administrative hearing, a quasi-judicial hearing not bound by the formal rules of evidence. See La.R.S. 33:2501(B)(3). Plaintiff was given a chance to cross-examine the witnesses, and, if anything, the record shows that his counsel’s cross-examination elicited evidence that dealt with mitigating circumstances favorable to plaintiff. There was no prejudice to plaintiff by the actions of the Board. We find that plaintiff was given a fair and impartial hearing before the Board with full opportunity to present evidence, cross-examine witnesses, and to refute evidence considered by the Board at the hearing.
LEGALITY OF THE DISCIPLINARY ACTION
Plaintiff next argues that the penalties of both suspension and demotion are illegal and in violation of the provisions of La.R.S. 33:2500(B).
La.R.S. 33:2500(B) states in relevant part:
“B. Unless the cause or condition justifies an employee being permanently removed from the service, disciplinary action may extend to suspension without pay for a period not exceeding the aggregate of ninety days in any period of twelve consecutive months, reduction in pay to the rate prevailing for the next lower class, reduction or demotion to a position of any lower class and to the rate of pay prevailing therefor, or such other less drastic action that may be appropriate under the circumstances....”
Counsel argues in his brief to this court that under the statute:
“Where the conduct justifying disciplinary action does not justify termination, only one of those forms of disciplinary action listed by statute, ‘or such other less drastic action that may be appropriate under the circumstances may be applied.’ ”
This argument, dealing with plaintiff’s interpretation of this statute, is not a fair reading of the statute. The forms of punishment are conjunctively listed and the phrase, “or other less drastic action,” refers to less drastic action than “being permanently removed from the service.” The statute does not make only one of the alternative punishments listed as the sole or exclusive punishment that can be imposed. The statute permits any one punishment or a combination of punishments to be imposed.
We find that defendant’s disciplinary actions of both suspension and demotion were proper under the statute.
DISCIPLINARY ACTION IN GOOD FAITH FOR CAUSE
Lastly, plaintiff contends that the penalties of both demotion and suspension were not in good faith and for cause considering the mitigating circumstances.
While there are some mitigating circumstances surrounding the actions of plaintiff with regard to his deceased father’s ring, *676 they can not excuse his conduct. Plaintiff used his position as a policeman to gain admission to the City Jail, to have a prisoner brought to him, and to then beat the prisoner. The Board and trial court also reviewed the psychological report prepared by Ronald S. Pryer, Ph.D., stating that plaintiff acted, as a result of many built up stresses, in a way that he normally would not have acted. We also note that plaintiff has served as a policeman for fifteen years. Nevertheless, plaintiff abused his official position to gain access to a prisoner, where the general public could not go, in order to regain possession of his ring. Then, he repeatedly struck the prisoner, after he had been given the ring, doing substantial bodily harm to both the prisoner and himself. Under these circumstances, we find that the penalty imposed by defendant was in good faith and for cause even considering the mitigating circumstances.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.

. Art. X, § 8(A) of the La. Const, of 1974 provides: "No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subject to such disciplinary action shall have the right of appeal ...”