31 So.3d 1076 (2010)
David J. MEINERS
v.
ST. TAMMANY FIRE PROTECTION DISTRICT # 4 BOARD OF COMMISSIONERS.
No. 2009 CA 0435.
Court of Appeal of Louisiana, First Circuit.
January 6, 2010.
Dissenting Opinion of Judge McDonald, January 15, 2010.
Rehearing Denied March 23, 2010.
*1077 William G. Meiners, Mandeville, Louisiana, for Appellant, David J. Meiners.
Hector R. Lopez, Covington, Louisiana, for Appellees, St. Tammany Parish Fire Protection District # 4, Board of Commissioners of St. Tammany Parish Fire Protection District # 4, and the Civil Service Board for St. Tammany Parish Fire Protection District #4.
Before PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
David J. Meiners, a probational fire equipment operator in the classified civil service of the St. Tammany Parish Fire Protection District No. 4 ("the District"), appeals an August 7, 2008 judgment of the Twenty-Second Judicial District Court, which affirmed a ruling of the Civil Service Board for the District ("the Civil Service Board") that upheld Meiners' termination by the District. Finding no jurisdictional *1078 basis for this court to consider Meiners' appeal to this court, we dismiss it.

I. PROCEDURAL AND FACTUAL BACKGROUND
Prior to March 18, 1999, Meiners was a classified district fire chief employed by the District. Effective March 18, 1999, he resigned from his employment.
By letter dated May 3, 1999, the District offered to re-employ Meiners as a probational fire equipment operator, subject to the condition, among others, that he obtain an Emergency Medical Technicians ("EMT") certification within the first six months of his re-employment. Thomas W. Druen, Chairman of the District's Board of Commissioners ("the Board of Commissioners"), signed the letter, and Meiners signed as "Accepted" the May 3, 1999 letter, which also stated that he agreed that "failure on [his] part to fulfill any of these conditions for re-employment will result in [his] immediate termination."
On May 10, 1999, the District sent a personnel action form to the Board, advising that Meiners had been re-employed, effective May 6, 1999, by the District as a probational fire equipment operator. The form further stated, "Appointing Authority has agreed to re-hire employee under attached, signed, mutual agreement. 12-month working test period begins."
During a November 9, 1999 meeting, the Board of Commissioners addressed Meiners' failure to pass the EMT national registry exam and held an executive session to discuss Meiners' employment contract. After returning to a regular session, Chairman Druen stated that "the contract stands as is and asked [Chief Earl B. Gorrodona] to process the proper paperwork." Meiners was terminated effective November 9, 1999; the personnel action form signed by Chief Gorrodona stated, "Employee failed to meet the terms of the mutual agreement by failure to obtain EMT-Basic certification within the stated time." By letter dated November 21, 1999, Meiners appealed his termination to the Civil Service Board pursuant to La. R.S. 33:2555, urging "he was not given a fair opportunity to prove his ability in the position."
Following a December 29, 1999 hearing on the matter, the Civil Service Board upheld Meiners' termination. The Civil Service Board found that: 1) Meiners' reemployment contract with the District required him to obtain an EMT certification within the first six months of re-employment; 2) Meiners had ample time and opportunity to obtain the required EMT certification; 3) Meiners failed to obtain the required EMT certification in the requisite time period, and this prevented him from discharging his duties effectively; 4) the evidence and testimony presented at the hearing established that the terms of the re-employment contract between Meiners and the District were not met by Meiners; and 5) the Board of Commissioners acted in good faith and for cause in terminating Meiners' employment. Meiners appealed the ruling of the Civil Service Board to the district court, which affirmed the Civil Service Board's ruling by judgment dated January 2, 2001.
Meiners then sought review by this court, which determined that the record did not establish whether the parish governing authority or the Board of Commissioners was the governing authority of the District. This court reversed the district court's judgment and remanded to the District for further proceedings. Meiners v. St. Tammany Parish Fire Protection District # 4 Board of Commissioners, 01-1764, p. 8 (La.App. 1st Cir.6/21/02), 826 So.2d 1200 (unpublished decision). The Civil Service Board ultimately held a hearing on April 18, 2006, and May 16, 2006, to *1079 take evidence on the issue of which entity was the governing authority, but it did not render another ruling on the merits of Meiners' termination.[1] Thereafter, Meiners filed a rule to show cause in the district court, urging that his termination was invalid, and seeking immediate reinstatement, interest, and attorney's fees on the basis that the matter was "ripe for decision" by the court pursuant to La. R.S. 33:2561 E, governing appeals by employees.
The District, the Board of Commissioners, and the Civil Service Board filed exceptions, raising the objections of no right of action, no cause of action, prescription, improper cumulation of actions, and lack of jurisdiction. In a September 12, 2007 judgment, the district court remanded the matter to the Civil Service Board, directing that it "issue a decision ... as to who was the appointing authority for [the District] on November 9, 1999, the date of plaintiff's termination." On October 1, 2007, the Civil Service Board determined that "on November 9, 1999 the appointing authority was the Board of Commissioners." Meiners then filed a motion to reset his rule and defendants' exceptions. By judgment dated August 7, 2008, the district court affirmed Meiners' termination, denied defendants' exceptions of prescription and no cause of action, and ordered that a motion in limine filed by defendants was moot. The district court granted defendants' exception of improper cumulation, and it also granted defendants' exception of lack of jurisdiction "in so far as this Court's scope of review is confined by LA RS 33:2561(E)." Meiners has appealed, and the defendants have filed an answer to the appeal, with the parties challenging the respective portions of the district court's judgment adverse to each of them.

II. ANALYSIS
This court has a duty to examine subject matter jurisdiction on its own motion, even when the issue is not raised by the litigants. Monterrey Center, LLC v. Education Partners, Inc., 08-0734, p. 5 (La.App. 1st Cir.12/23/08), 5 So.3d 225, 228-29. A district court is vested with jurisdiction to review administrative action as provided by law. See La. Const. art. V, § 16(B); Loop, Inc. v. Collector of Revenue, 523 So.2d 201, 203 (La.1987). Consequently, a litigant seeking judicial review of administrative action in a district court must establish that there is a statute which grants subject matter jurisdiction to that court. Id. at 203.
Louisiana Revised Statutes 33:2531-2568, containing Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts, are applicable in the instant case. See also La. Const. art. X, §§ 16-20. In particular, La. R.S. 33:2561 is the only statute authorizing or addressing judicial review in matters of this nature, and it provides, in pertinent part, as follows:
Any employee under classified service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of this Part which is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal stating the grounds thereof and demanding that a certified transcript of the record or written findings of fact and all papers on file in the office of the board affecting or relating to such decisions be filed with the designated *1080 court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court thereupon shall proceed to hear and determine the appeal in a summary manner. (Emphasis added.)
La. R.S.33:2561 E.
While this statute authorizes judicial review in "the designated court," the legislature has failed to designate a particular court to hear such appeals. See Albert v. Parish of Rapides, 256 La. 566, 237 So.2d 380 (1970), overruled in part on other grounds by Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). Accordingly, neither the Twenty-Second Judicial District Court nor this court is "the designated court" within the meaning of this statute, and neither court has authority to review this matter.
However, even in the absence of statutory authority, if a constitutionally protected interest is abridged, access to the court cannot be denied. See McGehee v. City/Parish of East Baton Rouge, 00-1058, pp. 5-6 (La.App. 1st Cir.9/12/01), 809 So.2d 258, 261-62. Meiners, as a probational employee, has no property interest in retaining his position. See St. Romain v. State of Louisiana through the Dep't of Wildlife and Fisheries, 03-0291 (La.App. 1st Cir.11/12/03), 863 So.2d 577, 583, writ denied, 04-0096 (La.3/26/04), 871 So.2d 348. Without such a property right at issue, there is no basis for this court to exercise its appellate jurisdiction.

III. CONCLUSION
Because we find this court lacks appellate jurisdiction, we dismiss Meiners' appeal at his cost.
APPEAL DISMISSED.
McDONALD, J. dissents and will assign reasons.
McDONALD, J., dissenting:
I am confounded by the majority opinion and cannot reconcile it with my understanding of the law. It is true that in Albert v. Parish of Rapides, 256 La. 566, 237 So.2d 380 (La.1970), the supreme court held that the district court lacked jurisdiction to review a decision of the Rapides Parish Fire Civil Service Board pursuant to La. R.S. 33:2561. The court found that the district court could not hear the appeal because such an appeal is not included in the specific categories designated in Article 7, Section 36 of the Constitution of 1921. However, that case was overruled by Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (La.1971).
In Bowen, the court found that the constitutional grant of access to the courts required that the courts must be open to every person for adequate remedy by due process of law. It noted that:
[G]enerally, the availability of judicial review of administrative hearings is necessary to the validity of such proceedings under our legal system and our traditions. Even in the face of statutory attempts to preclude review of administrative proceedings the United States Supreme Court has determined judicial review to be essential. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968). Moreover, that court appears to act under a presumption of reviewability which yields only to affirmative legislative intent in favor of unreviewability when such intent is based upon reasonable grounds or to special reason for unreviewability because of the peculiar *1081 subject matter or circumstances. (citations omitted).... Thus, with the presumption that all administrative determinations are reviewable by the court and a conviction that judicial review may even be necessary in the face of legislative attempt to deny it, in the absence of constitutional restrictions we must not only favor but preserve the right of review.
This presumption of the constitutional right to judicial review of decisions of administrative bodies has consistently been recognized in Louisiana law. See Loop, Inc. v. Collector of Revenue, State of Louisiana, 523 So.2d 201 (La.1987), rehearing granted, 10/15/87, on rehearing, 4/11/88, and cases cited therein; Wooley v. State Farm Fire and Casualty Insurance Co., 04-0882 (La.1/19/05), 893 So.2d 746. Moreover, the problem of a legislative grant of appellate jurisdiction to the district courts that was the basis for the Albert decision no longer exists since the enactment of the 1974 Constitution, which specifically provides for a legislative grant of appellate jurisdiction to district courts. La. Const. of 1974, Art. V § 16(B).
The majority's conclusion that LSA-R.S. 33:2561 E does not grant the right of an appeal to the district court, in my opinion, is unsupported by any rule of statutory construction, without even considering the jurisprudence that demands a contrary result, or the constitutional issue. I am reminded, however, of Justice Tate's jurisprudential observation when considering whether, and finding, that the district court had the authority to issue an injunction pending judicial review of an action by the Public Service Commission in a non-rate case. "This fundamental attribute of a government of law (rather than of the possible whim of administrative officials) should not, it seems to us, be deemed negated by an ambiguous provision as to a particular narrow issue, at least in the absence of express wording requiring such construction." Central Louisiana Telephone Co., Inc. v. La. Public Service Commission, 262 La. 819, 827, 264 So.2d 905, 908 (La.1972). Any ambiguity in the statute under consideration should thus be resolved in favor of judicial review and not against it. There is no ambiguity in the legislature's intention to provide a right of review.
It is true that the statute states that the record be filed with "the designated court." However, I do not think that the fact that the legislature did not specifically identify "the designated court" means there is no statutory authority for the district court to review the matter. Obviously, the purpose of the statute is to establish the right of an appeal. I do not think it is beyond the capabilities or function of the judiciary to interpret the statute so as to give effect to the legislative intent.
Title 33 of the revised statutes deals with municipalities and parishes. It creates numerous districts, e.g. water and sewerage districts, boards and commissions. Title 33, chapter 4 provides for Fire and Police Departments. Title 33, chapter 5 provides for Civil Service. Part I of chapter 5 applies to civil service for cities of over 100,000 population; Part II applies to fire and police civil service law for municipalities between 13,000 and 250,000; Part III applies to fire and police civil service for small municipalities and for parishes and fire protection districts.
The legislature puts forward, in some detail, how these boards and commissions will operate and what functions they are to perform. These include provisions regarding establishment and maintenance of employment lists, promotional testing, reinstatement and reemployment rights, to name a few. One legislative purpose is to *1082 protect government employees from discriminatory and prejudicial actions in the workplace for reasons other than the capacity and fitness to hold the position. This legislative purpose is applicable to all persons serving in fire and police departments. Both individuals and the appointing authorities have the right to appeal decisions of the Boards in Parts I and II. I do not think the legislature intended, nor would any governmental purpose be served, by creating different substantive rights dependant on the size of the community in which one lives.
In addition to the statutory right of judicial review by the district court, and appeal of the district court decision to this court, I believe Mr. Meiners has a constitutional right of appeal. I do not find the analysis put forth in McGehee v. City/Parish of East Baton Rouge, 00-1058 (La.App. 1 Cir. 9/12/01), 809 So.2d 258 persuasive. Neither would I rely on St. Romain v. State, 03-0291 (La.App. 1 Cir. 11/12/03), 863 So.2d 577, because the possession of a property right of a probational employee is not dispositive here. It is fundamental to our constitutional guarantees "that every person shall have an adequate remedy in the courts and shall be entitled to judicial protection against unlawful acts." Central La. Tel. Co., supra. My reading of the facts and law presented in this case indicates that the statute applicable to reemployment of classified employees, LSA-R.S. 33:2550 D, was not followed here.
The constitutional right of individuals of access to the courts, provided in Art. 1, § 22 is clearly implicated in this case, and the jurisprudence as cited in Bowen, supra requires judicial review. I recognize that the constitutional guarantee of access to courts and a remedy for injuries does not warrant a remedy for every single injury, as stated by the supreme court in Whitnell v. Silverman, 95-0112 (La.12/6/96), 686 So.2d 23, 31. In Whitnell, the supreme court went on to note that it was not the intent of the Constitutional Convention to limit the legislature's ability to restrict causes of action or to bar the legislature from creating various areas of statutory immunity from suit. Similarly, the legislature may establish statutes of limitations, which "essentially makes a legislative determination that after a certain period of time, no cause of action can arise." Id. However, the cause of action available to persons aggrieved by a decision of fire and police civil service boards has been legislatively established here, not restricted.
It is also well-established that the constitutional guarantee of access to the courts is not limited to deprivations of fundamental constitutional rights only. See State in Interest of A.C., 93-1125 (La.1/27/94), 643 So.2d 719, for an extensive discussion of constitutional law, and especially separation of powers and inherent powers of the judiciary. The supreme court states that "Traditionally, `it has long been recognized that due process necessitates... that all persons are entitled to their `day in court,''" citing Billman v. Sumrall, 464 So.2d 382, 384 (La.App. 1 Cir.1985), and notes that this "guarantee of access to the courts is in reality a guarantee of due process." State in Interest of A.C., 643 So.2d at 728.
This court has consistently affirmed that a "party to an administrative proceeding has a constitutional right of access to the judicial branch of state government. La. Const. of 1974, art. I §§ 2 and 22. This right exists without statutory authority." P & G Retailers, Inc. v. Wright, 590 So.2d 1272, 1277 (La.App. 1 Cir.1991), citing Tanner v. City of Baton Rouge, 422 So.2d 1263 (La.App. 1 Cir.1982), writ denied, 429 So.2d 128 (La.1983). I find it untenable, therefore, that this opinion proposes to do just that. I believe the law establishes *1083 that Mr. Meiners has a constitutional and statutory right to judicial review. Therefore, I respectfully dissent.
NOTES
[1] The Civil Service Board's previous decision, which had affirmed Meiners' termination by the Board of Commissioners, was not vacated by this court's June 21, 2002 decision.