KUHN, J.
|2David J. Meiners, a probational fire equipment operator in the classified civil service of the St. Tammany Parish Fire Protection District No. 4 (“the District”), appeals an August 7, 2008 judgment of the Twenty-Second Judicial District Court, which affirmed a ruling of the Civil Service Board for the District (“the Civil Service Board”) that upheld Meiners’ termination by the District. Finding no jurisdictional *1078 basis for this court to consider Meiners’ appeal to this court, we dismiss it.
I. PROCEDURAL AND FACTUAL BACKGROUND
Prior to March 18, 1999, Meiners was a classified district fire chief employed by the District. Effective March 18, 1999, he resigned from his employment.
By letter dated May 8,1999, the District offered to re-employ Meiners as a probational fire equipment operator, subject to the condition, among others, that he obtain an Emergency Medical Technicians (“EMT”) certification within the first six months of his re-employment. Thomas W. Druen, Chairman of the District’s Board of Commissioners (“the Board of Commissioners”), signed the letter, and Meiners signed as “Accepted” the May 3, 1999 letter, which also stated that he agreed that “failure on [his] part to fulfill any of these conditions for re-employment will result in [his] immediate termination.”
On May 10, 1999, the District sent a personnel action form to the Board, advising that Meiners had been re-employed, effective May 6, 1999, by the District as a probational fire equipment operator. The form further stated, “Appointing Authority has agreed to re-hire employee under attached, signed, mutual agreement. 12-month working test period begins.”
IsDuring a November 9, 1999 meeting, the Board of Commissioners addressed Meiners’ failure to pass the EMT national registry exam and held an executive session to discuss Meiners’ employment contract. After returning to a regular session, Chairman Druen stated that “the contract stands as is and asked [Chief Earl B. Gorrodona] to process the proper paperwork.” Meiners was terminated effective November 9, 1999; the personnel action form signed by Chief Gorrodona stated, “Employee failed to meet the terms of the mutual agreement by failure to obtain EMT-Basic certification within the stated time.” By letter dated November 21, 1999, Meiners appealed his termination to the Civil Sendee Board pursuant to La. R.S. 33:2555, urging “he was not given a fair opportunity to prove his ability in the position.”
Following a December 29, 1999 hearing on the matter, the Civil Service Board upheld Meiners’ termination. The Civil Service Board found that: 1) Meiners’ reemployment contract with the District required him to obtain an EMT certification within the first six months of re-employment; 2) Meiners had ample time and opportunity to obtain the required EMT certification; 3) Meiners failed to obtain the required EMT certification in the requisite time period, and this prevented him from discharging his duties effectively; 4) the evidence and testimony presented at the hearing established that the terms of the re-employment contract between Mein-ers and the District were not met by Mein-ers; and 5) the Board of Commissioners acted in good faith and for cause in terminating Meiners’ employment. Meiners appealed the ruling of the Civil Service Board to the district court, which affirmed the Civil Service Board’s ruling by judgment dated January 2, 2001.
14Meiners then sought review by this court, which determined that the record did not establish whether the parish governing authority or the Board of Commissioners was the governing authority of the District. This court reversed the district court’s judgment and remanded to the District for further proceedings. Meiners v. St. Tammany Parish Fire Protection District # 4 Board of Commissioners, 01-1764, p. 8 (La.App. 1st Cir.6/21/02), 826 So.2d 1200 (unpublished decision). The Civil Service Board ultimately held a hearing on April 18, 2006, and May 16, 2006, to *1079 take evidence on the issue of which entity was the governing authority, but it did not render another ruling on the merits of Meiners’ termination.[1] Thereafter, Mein-ers filed a rule to show cause in the district court, urging that his termination was invalid, and seeking immediate reinstatement, interest, and attorney’s fees on the basis that the matter was “ripe for decision” by the court pursuant to La. R.S. 33:2561 E, governing appeals by employees.
The District, the Board of Commissioners, and the Civil Service Board filed exceptions, raising the objections of no right of action, no cause of action, prescription, improper cumulation of actions, and lack of jurisdiction. In a September 12, 2007 judgment, the district court remanded the matter to the Civil Service Board, directing that it “issue a decision ... as to who was the appointing authority for [the District] on November 9, 1999, the date of plaintiffs termination.” On October 1, 2007, the Civil Service Board determined that “on November 9, 1999 the appointing authority was the Board of Commissioners.” Meiners then filed a motion to reset his rule and defendants’ exceptions. By judgment dated August 7, 152008, the district court affirmed Meiners’ termination, denied defendants’ exceptions of prescription and no cause of action, and ordered that a motion in limine filed by defendants was moot. The district court granted defendants’ exception of improper cu-mulation, and it also granted defendants’ exception of lack of jurisdiction “in so far as this Court’s scope of review is confined by LA RS 33:2561(E).” Meiners has appealed, and the defendants have filed an answer to the appeal, with the parties challenging the respective portions of the district court’s judgment adverse to each of them.
II. ANALYSIS
This court has a duty to examine subject matter jurisdiction on its own motion, even when the issue is not raised by the litigants. Monterrey Center, LLC v. Education Partners, Inc., 08-0734, p, 5 (La.App. 1st Cir.12/23/08), 5 So.3d 225, 228-29. A district court is vested with jurisdiction to review administrative action as provided by law. See La. Const, art. V, § 16(B); Loop, Inc. v. Collector of Revenue, 523 So.2d 201, 203 (La.1987). Consequently, a litigant seeking judicial review of administrative action in a district court must establish that there is a statute which grants subject matter jurisdiction to that court. Id. at 203.
Louisiana Revised Statutes 33:2531-2568, containing Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts, are applicable in the instant case. See also La. Const, art. X, §§ 16-20. In particular, La. R.S. 33:2561 is the only statute authorizing or addressing judicial review in matters of this nature, and it provides, in pertinent part, as follows:
Any employee under classified service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of this Part which is prejudicial to the employee or appointing authority. This appeal shall |Bbe taken by serving the board, within thirty days after entry of its decision, a written notice of appeal stating the grounds thereof and demanding that a certified transcript of the record or written findings of fact and all papers on file in the office of the board affecting or relating to such decisions be filed with the desig *1080 nated court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated coux-t, and that court thereupon shall proceed to hear and determine the appeal in a summary manner. (Emphasis added.)
La. R.S.33:2561 E.
While this statute authorizes judicial review in “the designated court,” the legislature has failed to designate a particular court to hear such appeals. See Albert v. Parish of Rapides, 256 La. 566, 237 So.2d 380 (1970), overruled in pari on other grounds by Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). Accordingly, neither the Twenty-Second Judicial District Court nor this court is “the designated court” within the meaning of this statute, and neither court has authority to review this matter.
However, even in the absence of statutory authority, if a constitutionally protected interest is abridged, access to the court cannot be denied. See McGehee v. City/Parish of East Baton Rouge, 00-1058, pp. 5-6 (La.App. 1st Cir.9/12/01), 809 So.2d 258, 261-62. Meiners, as a probational employee, has no property interest in retaining his position. See St. Romain v. State of Louisiana through the Dep’t of Wildlife and Fisheries, 03-0291 (La.App. 1st Cir.11/12/03), 863 So.2d 577, 583, writ denied, 04-0096 (La.3/26/04), 871 So.2d 348. Without such a property right at issue, there is no basis for this court to exercise its appellate jurisdiction.
|7III. CONCLUSION
Because we find this court lacks appellate jurisdiction, we dismiss Meiners’ appeal at his cost.
APPEAL DISMISSED.
McDONALD, J. dissents and will assign reasons.

. The Civil Service Board's previous decision, which had affirmed Meiners' termination by the Board of Commissioners, was not vacated by this court's June 21, 2002 decision.