PETTIGREW, J.
liWe granted certiorari in this matter to consider the subject matter jurisdiction of Division “K” of the Twenty-Second Judicial District Court (22nd JDC), a division of the court designated to hear family and juvenile matters, when one of the former spouses dies after the petition for partition of the community of acquets and gains has been filed and set for trial, but before judgment has been rendered. On September 24, 2012, the trial court found, sua sponte that it lacked the requisite subject matter jurisdiction.[1] From that ruling the parties moved for a new trial, which the trial court denied on October 16, 2012. The parties thereafter sought supervisory review of that ruling via supervisory writs. For the reasons that follow, we grant the writ and make it peremptory, reversing the trial court’s ruling of October 16, 2012, denying the parties’ joint motion for new trial and find that Division “K” of the 22nd JDC retained subject matter jurisdiction of the partition proceeding.

Facts and Procedural History

This community property action commenced in Division “K” of the 22nd JDC, with a motion to partition the former community property of Jules Crovetto, Sr. and June Crovetto. After the motion was filed and set for trial, Jules Crovetto died. Thereafter, the Succession of Jules Crovet-to, Sr. was substituted as the party plaintiff by order of the court dated December *1260 19, 2011, and Crovetto’s two daughters, Robin Crovetto Perez and Kelley Crovetto Overby, were appointed to represent the Succession as Co-Executrices.
Subsequently, a three-day trial was held on May 7, May 17, and June 4, 2012, after which the court took the matter under advisement. On September 24, 2012, the trial court, sua sponte, found that it lacked the requisite subject matter jurisdiction based on the Supreme Court’s decision in McCann v, McCann, 2011-2434 (La.5/8/12), 93 So.3d 544. Thereafter, the parties filed a joint motion for new trial on October 3, 2012, [¡¡arguing that the trial court’s application of McCann was erroneous because that case is distinguishable from the facts and law involved in this matter. On October 16, 2012, the trial court denied the parties’ motion for new trial.
Subsequently, the plaintiffs, as Co-Executrices, as well as June Crovetto, Jules Crovetto’s former spouse, sought supervisory review of that ruling. We granted certiorari to consider the subject matter jurisdiction of Division “K” of the 22nd JDC, a division of the court designated to hear family and juvenile matters.
Plaintiffs argue the trial court erred in denying their joint motion for new trial relying on the Supreme Court’s decision in McCann, which applied to a domestic proceeding in the Family Court of East Baton Rouge Parish. While plaintiffs agree that removing the matter from the Family Court for East Baton Rouge Parish was the correct action for the court to take in McCann, as that decision focused on the specific language in the enabling statute for that specific court, they submit that the enabling statute at issue in the instant matter, La. R.S. 13:621.22, does not contain the specific language relied upon in McCann.
Plaintiffs further argue that Rule 23.0 of the Rules of Court for the 22nd JDC further supports their argument that the McCann decision is inapplicable to the instant proceeding.

Discussion and Applicable Law

A court’s subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties. The issue of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action. Joseph v. Ratcliff, 2010-1342 (La.App. 1 Cir. 3/25/11), 63 So.3d 220.
Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2; Blanchard v. Blanchard, 2012-0106 (La.App. 1 Cir. 12/31/12), 112 So.3d 243, writ denied, 2013-0488 (La.4/12/13), 111 So.3d 1013. A judgment rendered by a court that has no jurisdiction over the subject matter of the [ 4action or proceeding is void. See La. C.CP. arts. 3 and 925(C). Williams v. International Offshore Services, LLC, 2011-1240 (La.App. 1 Cir. 12/7/12), 106 So.3d 212, writ denied, 2013-0259 (La.3/8/13), 109 So.3d 367. It is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. McGehee v. City/Parish of East Baton Rouge, 2000-1058 (La.App. 1 Cir. 9/12/01), 809 So.2d 258.
The Louisiana Constitution states that except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters. La. Const, art. V. § 16(A). Article V, Section 15(A) of the Louisiana Constitution now authorizes the legislature, by law, to establish new judgeships for district courts and to establish new divisions with limited or specialized jurisdiction within the territorial jurisdiction of the district *1261 court and subject matter jurisdiction over family or juvenile matters as provided by law. Moreover, Article V, § 16(A)(3) of the Louisiana Constitution provides:
The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.
See also La. Const, art. V, § 18.
Divisions “K” and “L” of the 22nd JDC were established as a result of 2008 La. Acts, No. 844, § 2, effective June 23, 2008. These newly created divisions limited subject matter jurisdiction to family or juvenile matters as provided by law.
Specifically, La. R.S. 13:621.22, which is the statute that designated the specific divisions to hear family and juvenile matters within the 22nd JDC, and specifically Division “K,” provides, in pertinent part:
A. There is hereby created two additional district judgeships for the Twenty-Second Judicial District for the parishes of St. Tammany and Washington. The first additional judge herein provided for and his successors shall preside over Division K, which is hereby created for purposes of nomination and election only, The second additional judge herein provided for and his successors shall preside over Division L, which is hereby created for purposes of nomination and election only. The first additional judge and his successors from Division K shall be elected at large and shall have jurisdiction throughout the district. The subject matter jurisdiction of Division K is limited, under the provisions lBof Article V, Section 15(A) of the Constitution of Louisiana, to family or juvenile matters as provided by law. The second additional judge and his successors from Division L shall be elected at large and shall have jurisdiction throughout the district. The subject matter jurisdiction of Division L is limited, under the provisions of Article V, Section 15(A) of the Constitution of Louisiana, to family or juvenile matters as provided by law. Each of the two additional judges and each of their successors shall receive the same compensation and expense allowances, payable from the same sources and in the same manner, as are now or may hereafter be provided for other judges of the district.
(Emphasis added.)
Moreover, local Rule 23.0 of the 22nd JDC provides, in pertinent part:
There shall be a family docket in the Twenty-Second Judicial District Court and that Docket shall be allotted to Divisions K and L. Matters heard on the Family Docket shall include:
(a) Suits for annulment, divorce and separation with all related incidental matters as defined by La. C.C. Art. 105, and the community property partitions associated with the dissolution of said marriages.
Until the Rules for Family and Domestic Proceedings for the Twenty-Second Judicial District Court are fully implemented, the Rules for Civil Proceedings in Districts Courts contained in Title I and Title II of the Rules of Louisiana District Courts together with the Twenty-Second Judicial District Court Appendices, shall apply to all family and domestic proceedings in the absence of a specific rule in the Twenty-Second Judicial *1262 District Court Family and Domestic Proceedings Rules.
(Emphasis added.)
While the Constitution allows for the granting of limited jurisdiction to establish family courts, as well as specific divisions of district courts designated to hear family matters and matters incidental to marriage, the legislature has specified the parameters of that jurisdiction, although worded differently in each judicial district. The subject matter jurisdiction of Division “K,” which limits the court to proceedings involving family and juvenile matters, falls within the province of the 22nd JDC in St. Tammany Parish and, as shown above, is provided for in La. R.S. 13:621.22.
In McCann the Supreme Court held that the East Baton Rouge Parish Family Court does not retain subject matter jurisdiction over a partition of community property after one of the former spouses dies. The high court’s decision, upon which the trial court relied, specifically addresses La. R.S. 13:1401, which establishes the Family Court for East Baton Rouge Parish and provides, as follows:
|rrA. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1)All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support and nonsupport, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction. B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law.
(Emphasis added.)
While the language of La. R.S. 13:621.22, as well as the District Court Rule, provides for Divisions “K” and “L” of the 22nd JDC as a family docket where suits for annulment, divorce and separation with all incidental matters, as well as community property partitions associated with the dissolution of marriage matters shall be heard, it does not contain the limiting language, “between spouses or former spouses” of La. R.S. 13:1401, which *1263 establishes the Family Court in East Baton Rouge Parish. This limiting language, although essential to the court’s decision in McCann, is not present in the statute applicable to the instant matter.
|7On June 28, 2011, Jules Crovetto moved to partition the community property that previously existed between him and June Crovetto. At the time Jules Crovet-to, Sr. moved to set the partition for trial, Division “K” of the 22nd JDC was designated as one of the divisions to hear family and juvenile matters, and the court had jurisdiction over this matter given our interpretation of La. R.S, 13:621.22. After a three-day trial, but before a decision in the suit had been rendered, the Supreme Court handed down its decision in McCann, wherein the court relied on the language of La. R.S. 13:1401, which established a Family Court for East Baton Rouge Parish. Because that decision addressed La. R.S. 13:1401, which established a separate Family Court in East Baton Rouge Parish, we find it distinguishable from the instant suit.
While the McCann decision addressed the applicability of La. R.S. 13:1401 to the proceedings in East Baton Rouge Parish Family Court, we do not believe its applicability extends to Divisions “K” and “L” of the 22nd JDC as the pertinent language of La. R.S. 13:621.22, the applicable statute, does not specify, in its designation, use of the terms “spouses or former spouses.” Indeed, the pertinent language of La. R.S. 13:621.22 limits the jurisdiction of Divisions “K” and “L” of the 22nd JDC to family or juvenile matters. Further, as previously mentioned, Rule 23.0 of the Rules of Court for the 22nd JDC provide that matters heard in Divisions “K” and “L” include suits for annulment, divorce and separation with all related incidental matters as defined by La. C.C. Art. 105[2], and the community property partitions associated with the dissolution of said marriages. Although we are well aware that marriage terminates upon the death of either spouse or upon divorce, we recognize that a community property partition is a related incidental matter to the marriage or dissolution of such union. La. R.S. 13:621.22, the applicable statute herein, does not explicitly contain language referring to spouses or former spouses. Rather, it references suits for divorce and related matters thereto. As such, we refrain 18from extending the Supreme Court’s ruling in McCann to the instant proceedings in Division “K” of the 22nd JDC.

Conclusion

For the above foregoing reasons, the trial court’s order of September 24, 2012, finding it no longer had subject matter jurisdiction, as well as the judgment of October 16, 2012, denying the parties’ joint motion for new trial is reversed and judgment is entered in favor of Robin Crovetto Perez and Kelley Crovetto Overby, as Executrices of the Succession of Jules Cro-vetto, as well as June Crovetto, finding Division “K” of the 22nd Judicial District Court has subject matter jurisdiction over the instant proceedings.
REVERSED AND RENDERED.
McDONALD, J., concurs, I believe the court has jurisdiction under 13:621.22(2)(a).

. We note the trial court’s ruling was simply that it did not have subject matter jurisdiction. Moreover, there is nothing in the writ application indicating that the trial court either dismissed the matter or transferred the proceedings to be re-docketed. Thus, according to the motion and order of September 24th and the ruling of October 16th, denying the motion for new trial, the matter remains in Division "K” of the 22nd JDC.

. La. C.C. art. 105 references the incidental matters arising from marriage and falls within Chapter 1 of Title 5 of the Civil Code, entitled "Divorce”.