NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0167

KAREN S. ENNIS

VERSUS

LIONEL MCMANUS

Judgment rendered____SEP 2 7 2019____

* * * * *

On Appeal from the
Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. F204311, Div. "A"

The Honorable Pamela Baker, Judge Presiding

* * * * *

Nina S. Hunter
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellee
Karen S. Ennis


Mark M. Lazarre
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Lionel McManus

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

Lionel McManus appeals a trial court judgment concerning the partition of the community of acquets and gains formerly existing between himself and his former spouse, Karen S. Ennis. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Lionel and Karen were married in March of 1994. On August 2, 2005, Lionel filed a petition for divorce. A judgment of divorce was rendered on October 25, 2005. On April 19, 2016, Karen filed a petition for partition of community property pursuant to La. R.S. 9:2801-02. Throughout the marriage, Lionel worked for the State of Louisiana; he began working for the State in 1987, and he retired in 2015 whereupon he began receiving retirement benefits.

The joint detailed descriptive list set forth as community assets Lionel's state retirement account with LASERS, his annual leave, and the parties' household furniture, movables, and vehicles. There were no community liabilities. Karen set forth as her claims for reimbursement the use of community assets to pay for improvements on their home, which was Lionel's separate property, and the use of community funds to pay for a separate debt. For his reimbursement claim, Lionel listed the offset for social security benefits from Karen's earnings during her employment.

At the trial on July 20, 2018, the parties testified and offered the joint detailed descriptive list into evidence. As to social security benefits, Karen testified that since the age of thirteen she had worked at various jobs where social security and taxes were deducted from her earnings. According to Karen, she expected to receive social security benefits when she retired because "I'm paying into it." When asked if she would receive "at least a thousand," she answered, "I don't know. I'm sure." As to his retirement, Lionel testified that he had been

2

receiving $2,696.00 monthly in retirement benefits since 2015, but he admitted he set forth the amount of $2,923.60 monthly in answers to interrogatories. According to Lionel, the higher amount could have included health insurance.

In oral reasons, the trial court explained that it was denying the request for an offset for social security benefits because it had no proof regarding what Karen received or would receive. The trial court then stated that the LASERS benefits would be divided according to the formula set forth in **Sims v. Sims**, 358 So.2d 919 (La. 1978), and that an injunction would issue to prohibit disbursement of LASERS funds until a domestic relations order was put into effect because there was an accounting due from 2015 forward.

On August 16, 2018, the trial court signed a judgment that noted that the parties stipulated that they would keep all movable property in their possession and waive any claims to such in the other's possession; that denied Karen's claim for reimbursement for improvements to Lionel's separate property; that denied Lionel's claim for social security reimbursement from Karen; that ordered that Lionel's LASERS benefits be apportioned in favor of Karen pursuant to the **Sims** formula; that ordered "that an injunction issue preventing any disbursement of any funds from [Lionel's] Louisiana Retirement Account at LASERS until a domestic relations order is put into effect[;]" and "that a review date of August 21, 2018 is set to make a calculation on what sums are due [Karen] from monies paid to [Lionel] by LASERS reaching back to the termination date of the community."

Lionel appeals, assigning the following errors:

1. The trial court erred by denying [Lionel's] claim for social security reimbursement based on lack of proof despite [Karen's] admission she was entitled to and expected to receive social security.

2. The trial court erred by issuing an injunction preventing any disbursement of any funds from [Lionel's] Louisiana Retirement

3

Account at [LASERS] until a Domestic Relations Order would be put in effect.

3. The trial court erred by awarding [Karen] a portion of [Lionel's] retirement benefits predating the date of [j]udgment as no testimony or exhibits supported awarding any amount and the matter had been submitted.

4. The trial court erred by awarding [Karen] a portion of [Lionel's] retirement benefits predating the date of [j]udgment as [Karen] did not list retirement monies already received by [Lionel] as either an asset or a reimbursement on her detailed descriptive list.

## JURISDICTION

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **McGehee v. City/Parish of East Baton Rouge**, 2000-1058 (La. App. 1 Cir. 9/12/01), 809 So.2d 258, 260. An appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. C.C.P. art. 2082. In the absence of a valid final judgment, an appellate court lacks appellate jurisdiction of a matter. See **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 366.

The judgment in this case partitions community property, orders execution of a domestic relations order, and issues an injunction preventing any disbursement of retirement funds until the domestic relations order is in effect. Louisiana Revised Statutes 9:2801(B) provides:

> **Those provisions of a domestic relations order or other judgment which partitions retirement or other deferred work benefits between former spouses shall be considered interlocutory until the domestic relations order has been granted "qualified" status from the plan administrator and/or until the judgment has been approved by the appropriate federal or state authority as being in compliance with applicable laws.** Amendments to this interlocutory judgment to conform to the provisions of the plan shall be made with the consent of the parties or following a contradictory hearing by the court which granted the interlocutory judgment. The court issuing the domestic relations order or judgment shall maintain

4

continuing jurisdiction over the subject matter and the parties until final resolution. (Emphasis added).

Because there is no qualified domestic relations order in this case, this appeal has been taken from an interlocutory judgment. See **LeBlanc v. LeBlanc**, 2012-1994 (La. App. 1 Cir. 7/25/13), 2013 WL 3875044, at *2 (unpublished).

This court's appellate jurisdiction extends to final judgments and to interlocutory judgments where expressly provided by law. See La. C.C.P. art. 2083. A judgment that does not determine the merits, but only preliminary matters in the course of the action, is an interlocutory judgment. La. C.C.P. art. 1841. Other than the preliminary injunction as discussed below, we have not found any provision of law that would allow Lionel to appeal the judgment. Therefore, we conclude that the August 16, 2018 judgment is an interlocutory judgment pursuant to La. R.S. 9:2801(B), which is not appealable, and that this court lacks appellate jurisdiction.[1]

As to that part of the judgment that issues an injunction, while the trial court did not specify whether the injunction was preliminary or permanent, we presume it was preliminary because it prevented the disbursement of benefits until the domestic relations order was in effect. Louisiana Code of Civil Procedure article 3612(B) provides that an appeal may be taken from an order relating to a preliminary injunction. Louisiana Code of Civil Procedure article 3612(C) provides that the appeal must be taken and any required bond must be furnished within fifteen days from the date of the order or judgment. The judgment in this case was signed on August 16, 2018, and notice was issued on the same date.

---

[1] The record does not contain a minute entry, transcript, pleadings, or other orders which may have been entered as a result of the review which was set for August 21, 2018. At the review, a calculation was to be made on what sums were due Karen from Lionel's retirement benefits starting from the termination of the community.

5

Lionel's motion and order for appeal was not taken until September 7, 2018, which is beyond the fifteen-day time period. Therefore, the appeal of the preliminary injunction is untimely. See **Newtek Small Business Finance, LLC v. Baker**, 2018-1034 (La. App. 1 Cir. 2/25/19), 2019 WL 926915, at *2 (unpublished).

Accordingly, we dismiss the appeal. The parties may, of course, obtain appellate review of all interlocutory judgments, including the ones at issue, once a final community property partition judgment is signed.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed. All costs of the appeal are assessed to the defendant, Lionel McManus.

**APPEAL DISMISSED.**